MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
jennifer.zargarof@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

Attorneys for Defendants
CVS Health Corporation and CVS Pharmacy, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX PEREZ, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CVS HEALTH CORPORATION, a Delaware corporation a/d/a CVS Caremark; CVS PHARMACY, INC., a Rhode Island corporation; and DOES 1-100, inclusive,<br><br>Defendant. | Case No. 1:19-at-249<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>State Case No.: _CV-19-00292___<br><br>State Complaint Filed:   January 16, 2019 _<br><br>State Action Served: _March 6, 2019 __ |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants CVS Health Corporation and CVS Pharmacy, Inc. (collectively, "Defendants"), hereby remove the state court action described below to this the United States District Court for the Eastern District of California.  Removal is warranted under 28 U.S.C. §§ 1441(a)-(b), and 1446 because this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and (d).  Defendants provide "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

## I.    PROCEDURAL BACKGROUND

1.    On January 16, 2019, Plaintiff Felix Perez ("Plaintiff") filed an unverified putative class action complaint for damages in the Superior Court of the State of California, County of Stanislaus, entitled *Felix Perez, an individual, on his own behalf and on behalf of all others similarly situated, v. CVS HEALTH CORPORATION, a Delaware corporation a/d/a CVS Caremark; CVS Pharmacy Inc., a Rhode Island corporation; and DOES 1-100, inclusive*, Case No. CV-19-000292 (the "Complaint").

2.    On March 6, 2019, Plaintiff served Defendants with a copy of Plaintiff's Complaint, Summons, and accompanying service documents.  A copy of Plaintiff's Complaint, Summons and accompanying service documents is attached as **Exhibit A** to the Declaration of Megan McDonough ("McDonough Decl."), concurrently filed herewith.

3.    On April 3, 2019, Defendants filed an Answer to Plaintiff's Complaint in the Superior Court for the State of California, County of Stanislaus.  A copy of Defendants' Answer is attached as **Exhibit B** to the McDonough Decl., concurrently filed herewith.

4.    On April 4, 2019, Plaintiffs served Defendants with a copy of Plaintiff's First Amended Complaint ("FAC").  A copy of Plaintiff's FAC is attached as **Exhibit C** to the McDonough Decl., concurrently filed herewith.

5.    Plaintiff has brought a putative class action on behalf of current and former non-exempt employees who worked in Defendants' California distribution centers.  McDonough Decl., Ex. C, FAC ¶ 45.  Plaintiff claims that he and alleged putative class members were not

1   compensated for time spent undergoing security checks when arriving at and leaving the

2   distribution center, that waiting in line for security checks caused him and alleged putative class

3   members to work uncompensated overtime hours, and that meal and rest periods were short,

4   missed or late due to security checks.  *Id.* ¶¶ 13-16.  Plaintiff also claims that he and alleged

5   putative class members were not paid vested vacation wages at the end of their employment and

6   were not paid all wages due at the time of termination of their employment.  *Id.* ¶ 27-33.

7          6.      Plaintiff allege the following violations in seven causes of action against

8   Defendants in the original Complaint: (1) Failure to Pay All Wages; (2) Failure to Pay Overtime

9   Compensation; (3) Missed Meal and Rest Breaks; (4) Failure to Provide Paid Time Off; (5)

10  Failure to Provide Proper Wage Statements; (6) Failure to Pay Wages at Time of Termination; (8)

11  Unfair Business Practices.  *Id.*, Ex. A, Compl. ¶¶ 49-108.  Plaintiff's FAC alleges Violation of

12  California Labor Code §§ 2698, *et seq.* (The Private Attorney General Act "PAGA") as the eighth

13  cause of action against Defendants.  *Id.*, Ex. C, FAC ¶¶ 115-131.

14  **II.    REMOVAL IS TIMELY**

15         7.      Defendants were served with the Summons and Complaint on March 6, 2019.

16  Because this Notice of Removal is filed within thirty days of service of the Summons and

17  Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453.  *See Murphy Bros., Inc. v. Michetti*

18  *Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  No previous Notice of Removal has been filed or

19  made with this Court for the relief sought in this removal notice.

20  **III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER**
    **CAFA**

21

22         8.      Plaintiff seeks to bring this action as a putative class action on behalf of the all

23  current and former, non-exempt distribution center employees of Defendants under Cal. Code

    Civ. Proc. § 382.  *See* McDonough Decl., Ex. C, FAC ¶¶ 1, 45.  Here, removal based on Class

24  Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441,

25  1446, and 1453 because (i) the aggregate number of putative class members is 100 or greater; (ii)

26  diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and

27  (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million,

28

1  exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.  Defendants

2  deny Plaintiff's factual allegations and deny that Plaintiff, or any class he purports to represent, is

3  entitled to the relief requested.  However, based on Plaintiff's allegations in the Complaint and his

4  respective prayer for relief, all requirements for jurisdiction under CAFA have been met.[1]

5  Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction

6  over this action pursuant to 28 U.S.C. § 1332(d)(2).

7  **A.      The Proposed Class Contains At Least 100 Members.**

8      9.      Plaintiffs assert claims on behalf himself and all "[a]ll persons who have been, or

9  currently are, employed by Defendants in distribution centers in the State of California and

10  classified as 'non-exempt' employees" (the "Plaintiff Class") and "[a]ll members of the Plaintiff

11  class whose employment ended during the Class Period" (the "Terminated Sub Class"), where

12  "Class Period" is defined as January 16, 2019 "through and including the date judgment is

13  rendered in this matter."  McDonough Decl., Ex. C, FAC ¶¶ 45-46.  A review of CVS' records

14  shows that, based on Plaintiff's definition, the proposed class contains well over 100 and former

15  employees.  McDonough Decl., ¶ 10.

16  **B.      Diversity of Citizenship Exists.**

17      10.      To satisfy CAFA's diversity requirement, a party seeking removal need only show

18  that minimal diversity exists; that is, one putative class member is a citizen of a state different

19  from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber,*

20  *Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602

21  F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides

22  expanded original diversity jurisdiction for class actions meeting the minimal diversity

23  requirement set forth in 28 U.S.C. § 1332(d)(2)); *United Steel, Paper & Forestry, Rubber, Mfg.,*

24  *Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d

25  1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded

26
27
28

---

[1] Defendants do not concede, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action.  Indeed, Plaintiff's claims are subject to binding arbitration, including a class action waiver.  Further, Defendants do not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable California law.

1   original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth

2   in 28 U.S.C. § 1332(d)(2)).

3         11.    "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v.*

4   *Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert*

5   *Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction,

6   citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Lew v.*

7   *Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Evidence of continuing residence creates a presumption

8   of domicile.  *Washington v. Havensa LLC*, 654 F.3d 340, 345 (3rd Cir. 2011).

9         12.    Plaintiff admits that he is a resident of Patterson, California.  McDonough Decl.,

10   Ex. A, C, FAC ¶ 5.  The Complaint does not allege any alternate state citizenship.  CVS' records

11   show that Plaintiff's last known address is in California.  McDonough Decl. ¶ 8.  Therefore, the

12   Plaintiff is a citizen of California for diversity jurisdiction purposes.

13         13.    Moreover, Plaintiff has brought claims on behalf of alleged putative class

14   members who worked for Defendants in distribution centers in California.  McDonough Decl., Ex

15   Ex. C, FAC ¶ 45.  Thus, at least one putative class member is a citizen of California for diversity

16   jurisdiction purposes.

17         14.    Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of

18   every State and foreign state by which it has been incorporated and of the State or foreign state

19   where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The "principal place of

20   business" for the purpose of determining diversity subject matter jurisdiction refers to "the place

21   where a corporation's officers direct, control, and coordinate the corporation's activities…[I]n

22   practice it should normally be the place where the corporation maintains its headquarters-

23   provided that the headquarters is the actual center of direction, control, and coordination, i.e., the

24   'nerve center,' and not simply an office where the corporation holds its board meetings[.]"  *See*

25   *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192 (2010).

26         15.    CVS Health Corporation is now, and was at the time Plaintiff filed the Complaint,

27   a corporation organized under the laws of the State of Rhode Island, with its principal place of

28   business in Woonsocket, Rhode Island.  McDonough Decl., ¶ 6. CVS Health Corporation's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5                    DEFENDANTS' NOTICE OF REMOVAL

1  corporate decisions generally are made in Woonsocket, Rhode Island, including its operation,

2  executive, administrative, and policymaking decisions.  *Id.*  The majority of CVS Health

3  Corporation's executive officers principally conduct their business form headquarters in Rhode

4  Island.  *Id.*  Thus, at all times relevant hereto, CVS Health Corporation has been a citizen of

5  Rhode Island, and not a citizen of California.  28 U.S.C. § 1332(c)(1).

6       16.     CVS Pharmacy, Inc. is now, and was at the time Plaintiff filed the Complaint, a

7  corporation organized under the laws of the State of Rhode Island, with its principal place of

8  business in Woonsocket, Rhode Island.  McDonough Decl., ¶ 7.  CVS Pharmacy Inc.'s corporate

9  decisions are generally made in Woonsocket, Rhode Island, including its operational, executive,

10  administrative, and policymaking decisions.  *Id.*  The majority of CVS Pharmacy, Inc,'s executive

11  officers principally conduct their business from headquarters in Rhode Island.  *Id.*  Thus, at all

12  times relevant hereto, CVS Pharmacy, Inc. has been a citizen of Rhode Island, and not a citizen of

13  California.  28 U.S.C. § 1332(c)(1).

14       17.     In determining whether a civil action is properly removable on the basis of

15  diversity jurisdiction under 28 U.S.C. § 1332, courts disregard the citizenship of defendants sued

16  under fictitious names.  28 U.S.C. § 1441(b)(1).  The citizenship of "Does 1-100" named in the

17  Complaint is therefore immaterial with respect to removal.

18       18.     Because Plaintiff is, and was at the time he filed the Complaint, a citizen of

19  California; because CVS Health Corporation is, and was at the time Plaintiff filed the Complaint,

20  a citizen of Rhode Island; because CVS Pharmacy Inc. is, and was at the time Plaintiff filed the

21  Complaint, a citizen of Rhode Island, diversity of citizenship exists between the parties and

22  existed at the time the Complaint was filed, diversity of citizenship is satisfied and diversity

23  jurisdiction exists under CAFA.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity"

24  under which "any member of a class of plaintiffs is a citizen of a State different from any

25  Defendant").

26       **C.**     **The Amount In Controversy Exceeds $5 Million.**

27       19.     Pursuant to CAFA, the claims of the individual members in a class action are

28  aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest

1   and costs.  28 U.S.C. § 1332(d)(6).  Because Plaintiff does not expressly plead a specific amount

2   of damages, a removing party need only show that it is more likely than not that the amount in

3   controversy exceeds $5 million.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376

4   (9th Cir. 1997).

5          20.     A removing party seeking to invoke CAFA jurisdiction "need include only a

6   plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*

7   *Cherokee*, 135 S. Ct. at 554.  "If a federal court is uncertain about whether 'all matters in

8   controversy' in a purported class action 'do not in the aggregate exceed the sum or value of

9   $5,000,000,' the court should err in favor of exercising jurisdiction over the case."  Senate

10  Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

11         21.     A removing defendant is "not required to comb through its records to identify and

12  calculate the exact frequency of violations."  *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist.

13  LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL

14  12765359, *2 (C.D. Cal. April 28, 2015) ("[A] removing defendant is not obligated to research,

15  state and prove the plaintiff's claims for damages.") (citation omitted).  *See also LaCross v.*

16  *Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument

17  for remand based on the contention that the class may not be able to prove all amounts claimed:

18  "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately

19  recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in

20  alleging the amount in controversy, Defendants "are not stipulating to damages suffered, but only

21  estimating the damages in controversy.").  The ultimate inquiry is what amount is put "in

22  controversy" by the plaintiff's complaint, not what a defendant will actually owe.  *LaCross*, 775

23  F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the

24  complaint in determining the amount in controversy.").

25         22.     Although Defendants deny Plaintiff's factual allegations and deny that he or the

26  class he seeks to represent are entitled to the relief for which Plaintiff has prayed, as detailed

27  below, Plaintiff's allegations and prayer for relief have "more likely than not" put into

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7                   DEFENDANTS' NOTICE OF REMOVAL

1    controversy an amount that easily exceeds the $5 million threshold when aggregating the claims

2    of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[2]

### 1.   **Demonstrating The Amount In Controversy.**

23.    Plaintiff seeks to represent all current and former employees who were "employed by Defendants in distribution centers in the State of California and classified as 'non-exempt' employees[.]"  McDonough Decl., Ex. C, FAC ¶ 45.  Plaintiff further alleges that his claims "are typical of the claims of the members of the class" (*Id*. ¶ 49) and seeks, among other things, compensatory and punitive damages, restitution, penalties, injunctive relief, and attorneys' fees, costs and interest.  *Id*. ¶¶ 59, 66, 83, 89, 96, 101 at Prayers 1, 2, 4, 5, 6, 7.

**a.**    **Plaintiff's Sixth Cause of Action For "Failure To Pay Wages At Time Of Termination" (Waiting Time Penalties) Puts More Than $5,000,000 in Controversy.**

24.    Plaintiff alleges that "[he] and the members of the Plaintiff Class who have separated from employment are entitled to compensation pursuant to California Labor Code § 203."  *Id.* ¶ 101.  Under California Labor Code § 203, if an employer fails to pay all wages due upon termination in a timely manner, "the wages of the employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced" for up to 30 days.  Cal. Labor Code § 203.

25.    According to CVS' records, f the individuals who fall within Plaintiff's class definition, 995 are former employees, *i.e.*, potentially entitled to waiting time penalties pursuant to Cal. Labor Code § 203.  McDonough Decl. ¶ 10.  The weighted average hourly rate of pay for individuals within Plaintiff's class definition is $23.19.  *Id.*  As such, the amount in controversy

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Defendants' references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Defendants maintain that each of Plaintiff's claims is without merit and that Defendants are not liable to Plaintiff or any putative class member.  Defendants expressly deny that Plaintiff or any putative class member are entitled to recover any of the penalties they seek in the Complaint.  In addition, Defendants deny that liability or damages can be established on a class-wide basis.  No statement or reference contained in this removal notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability."  *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

by Plaintiff's cause of action for Failure to Pay Wages At Time Of Termination (Labor Code §§ 201-203) can be calculated as follows:

**$23.19 per hour * 8 hours per day * 30 days * 995 individuals = $5,537,772.**

26.     Thus, Plaintiff's cause of action for Failure to Pay Wages At Time Of Termination alone puts over $5 million at issue, thereby satisfying the CAFA's amount in controversy requirement.

           **b.**      **Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold.**

27.     In addition to the foregoing amount, Plaintiff's other causes of action place yet more amounts in controversy, further demonstrating that the CAFA threshold is satisfied. Plaintiff's First, Second, Third, Fourth, Fifth, and Seventh Causes of Action all place additional amounts in controversy.  Plaintiff's First Cause of Action for Failure to Pay All Wages alleges that "Defendants implemented policies that actively prevented employees from being compensated for all time worked by employing the use of a rounding program that rounded the actual recorded start and stop time of hourly employees when calculating their wages," and therefore, "Plaintiff and the members of the Plaintiff class are entitled to recover compensation for all hours worked, but not paid" during the statute of limitations period. McDonough Decl., Ex. C, FAC ¶¶ 53-60.

28.     Plaintiff's Second Cause of Action for Failure to Overtime Compensation (Labor Code §§ 1194, *et seq.*) alleges that Defendants "failed and refused to pay Plaintiff and each member of the Plaintiff Class all overtime wages due to them," and therefore, "Plaintiffs and members of the plaintiff class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully paid, plus interest, fees and costs." *Id.* ¶¶ 61-66.

29.     Plaintiff's Third Cause of Action for Missed Meal and Rest Breaks (Labor Code §§ 200, 226.7, 512) alleges that Defendants failed to timely provide Plaintiff and the alleged putative class members with meal and rest breaks and failed to provide premium wages when meal periods were missed, and therefore, "Plaintiff and all Class Members are entitled to recover he unpaid meal and rest period wages, plus interest, fees and costs thereon." *Id.* ¶¶ 67-83.

DEFENDANTS' NOTICE OF REMOVAL

30.     Plaintiff's Fourth Cause of Action for Failure to Provide Paid Time Off (Labor Code § 227.3) alleges that Defendants failed to pay "Plaintiff and the members of the Plaintiff Class all vested vacation wages," which "creates an entitlement to recovery by Plaintiff and each member of the plaintiff class for damages and wages owed and for penalties, interest, costs and attorneys fees." *Id.* ¶¶ 84-89.  Plaintiff's allegations place in controversy every single wage statement received by Defendants' employees during the statute of limitations period of a wage statement claim (one year from date of filing of this lawsuit to present) because Plaintiff alleges that the wage statements provided by Defendants did not contain an accurate reflection of employees' wages earned.  Plaintiff places no limitations on these allegations.

31.     Plaintiff's Fifth Cause of Action for Failure to Provide Accurate Wage Statements (Labor Code § 226) alleges that Defendants "failed to accurately report the gross wages earned and the net wages earned by Plaintiff and the members of the Plaintiff Class on their wage statements," and therefore, are entitled to "penalties…interest, attorneys' fees and costs." *Id.* ¶¶ 90-96.

32.     Plaintiff's Seventh Cause of Action for Unfair Business Practices (Labor Code §§ 17200 *et seq.*) alleges that Defendants "unfairly obtained monies due to Plaintiff and members of the Plaintiff Class [by denying them wages due and payable and failing to provide proper wage statements]" and therefore, "the Class Members are entitled to restitution of monies due and obtained by Defendants." *Id.* ¶¶ 102-114.

33.     Additionally, Plaintiff seeks recovery of attorneys' fees.  McDonough Decl., Ex. C FAC., Prayer ¶ 7.  Attorneys' fees are properly included in determining the amount in controversy.  *See Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 698 (9th Cir. 2007). Estimated future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code Section 226.  *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").  The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that

1   "a percentage-based method," such as 25% of the amount in controversy, may also be relevant

2   when estimating the amount of fees included in the amount in controversy.  *Id.* at 795 and 796, fn.

3   6.

4         34.     Defendants deny Plaintiff's claim for attorneys' fees.  However, for purposes of

5   removal, even though Defendants have already demonstrated by a preponderance of the evidence

6   that the amount in controversy exceeds $5,000,000, Defendants note that the inclusion of future

7   attorneys' fees would increase the amount in controversy by a material amount.

8   **IV.**    **VENUE**

9         35.     This action was originally filed in the Superior Court for the County of Stanislaus.

10  Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it

11  encompasses the county in which this action has been pending.

12  **V.**    **NOTICE**

13        36.     Defendants will promptly serve this Notice of Removal on all parties and will

14  promptly file a copy of this Notice of Removal with the clerk of the state court in which the

15  action is pending, as required under 28 U.S.C. § 1446(d).

16  **VI.**    **CONCLUSION**

17        37.     Based on the foregoing, Defendants request that this action be removed to this

18  Court.  If any question arises as to the propriety of the removal of this action, Defendants

19  respectfully request the opportunity to present a brief and oral argument in support of their

20  position that this case is subject to removal.

21

22  Dated:  April 5, 2019               MORGAN, LEWIS & BOCKIUS LLP

23

24

25                        By  */s/ Jennifer B. Zargarof*

                              Jennifer B. Zargarof

26                            Attorneys for Defendants

                              CVS Health Corporation and CVS

27                            Pharmacy, Inc.

28