# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** CVS HEALTH CORPORATION, a Deleware
**(AVISO AL DEMANDADO):** corporation a/d/a CVS Caremark; CVS
PHARMACY, INC., a Rhode Island corporation; and DOES 1-100
inclusive

CVS Health Corporation
C/o CVS Pharmacy, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:** FELIX PEREZ

**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** an individual, on
his own behalf and on behalf of all others similarly
situated.

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

Electronically Filed
1/16/2019 4:17 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Lindsey Stringfellow, Deputy

A TRUE COPY ATTEST SERVED

RI Constable #6174
James P Mallinson
3/6/19 2:46pm

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* CV-19-000292 |

Stanislaus Superior Court of the State of California
~~800 11th Street~~  801 10TH ST, 4TH FL
Modesto, CA 95354

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la direccion y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bradley/Grombacher, LLP                    T:(805) 270-7100  F: (805)270-7589
Marcus J. Bradley, Esq., 2815 Townsgate Rd., Suite 130, Westlake Village, CA 91361
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.

| DATE: | Clerk, by | , Deputy |
| --- | --- | --- |
| *(Fecha)* 1/16/2019 4:17 PM | *(Secretario)* Lindsey Stringfellow | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* CVS HEALTH CORPORATION, a Delaware
    corporation a/d/a CVS Caremark

    under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | |
| SUM-100 [Rev. July 1, 2009] | | |

## Case Information

**CV-19-000292 | PEREZ, FELIX vs CVS HEALTH CORPORATION**

| | | |
|---|---|---|
| **Case Number** CV-19-000292 | **Court** Civil Unlimited | **Judicial Officer** Beauchesne, Roger M. |
| **File Date** 01/16/2019 | **Case Type** Other Complaint: Unlimited | **Case Status** Open |

## Party

**Plaintiff**
PEREZ, FELIX

Inactive Attorneys▾
Lead Attorney
BRADLEY,
MARCUS J, Esq.
Retained

Work Phone
805-270-7100

Fax Phone
805-270-7589

———

Attorney
MAJARAN, SAHAG,
Esq.
Retained

Work Phone
8186090807

Fax Phone
818-609-0892

———

**Defendant**
CVS HEALTH CORPORATION

**Defendant**
CVS PHARMACY INC

## Events and Hearings

01/16/2019 Civil Complaint

01/16/2019 Summons Issued / Filed

01/16/2019 Civil Case Cover Sheet - Plaintiff(s)

01/16/2019 Complex Case Designation - Plaintiffs

05/20/2019 Case Management Conference ▾

Judicial Officer
Beauchesne, Roger M.

Hearing Time
8:30 AM

## Financial

PEREZ, FELIX

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $1,435.00 |
| Total Payments and Credits | | | | $1,435.00 |
| 1/17/2019 | Transaction Assessment | | | $1,435.00 |
| 1/17/2019 | eFile Payment | Receipt # CV-2019-00001017 | PEREZ, FELIX | ($1,435.00) |

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| BRADLEY/GROMBACHER, LLP<br>Marcus J. Bradley, Esq. (SBN 174156) mbradley@bradleygromba<br>Kiley L. Grombacher, Esq. (SBN 245960)<br>Taylor L. Emerson, Esq. (SBN 225303)<br>2815 Townsgate Road, Suite 130, Westlake Village, CA 91361<br>TELEPHONE NO.: (805) 270-7100   FAX NO.: (805) 270-7589<br>ATTORNEY FOR *(Name)*: Plf, Victor A. Paz | Electronically Filed<br>1/16/2019 4:17 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Lindsey Stringfellow, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS
STREET ADDRESS: ~~800 11th Street~~ 801 10TH ST, 4TH FL
MAILING ADDRESS: ~~800 11th Street~~
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME:

CASE NAME: Felix Perez v. CVS Health Corporation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CV-19-000292 |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Beauchesne, Roger M.<br>DEPT.: 24 |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
 b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve     in other counties, states, or countries, or in a federal court
 c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
**3.** Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
**4.** Number of causes of action *(specify)*: Seven (7)
**5.** This case [X] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 16, 2019
Marcus J. Bradley, Esq.
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF STANISLAUS**
801 10th Street 4th Floor
Modesto, CA 95354
ADR clerk: (209) 530-3103
www.stanct.org

# Alternative Dispute Resolution Information Packet

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Stanislaus, strongly encourages parties in general civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called "neutrals", resolve disputes or help parties resolve disputes themselves. The types of ADR options available are:

- Arbitration
- Mediation
- Neutral Evaluation

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, Stanislaus County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

- **ADR can save time (FASTER).** Even in complex cases, a dispute can often be resolved in a matter of months, even weeks through ADR, while a lawsuit can take years.
- **ADR can save money (CHEAPER).** By resolving cases earlier, ADR can save parties money that might otherwise be spent on litigation costs (court, attorney and expert witness fees).
- **ADR encourages participation.** Parties have the opportunity to work together, rather than against each other by expressing their own interest and concerns to resolve the dispute.
- **ADR provides control and flexibility.** Parties can choose the ADR method most appropriate for their situation that will best serve their needs.
- **ADR can provide greater satisfaction and improved outcomes.** Surveys indicate that people who have used ADR are more satisfied than people who went through traditional litigation. The ADR atmosphere encourages cooperation and communication rather than the adversarial atmosphere found in litigation.

**ADR may not be suitable for every dispute and may not be to your advantage.**

- The neutral will charge a fee for their services if the dispute is not resolved within the allotted time.
- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in the ADR process.
- If a dispute is not resolved through ADR, the parties may still have to put time and money into a lawsuit.

**What are my ADR Options?**

Stanislaus County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas. It is the policy of the Superior Court of California that all parties are required to meet-and-confer with the opposing side before the Case Management Conference pursuant to rule 3.724 of the California Rules of Court.

## ❖ ARBITRATION

In arbitration, a neutral person called an "arbitrator" presides at the hearing. The arbitrator hears arguments, makes legal rulings, and evaluates the evidence determining the facts from each side. The arbitrator applies the law to the facts of each case and makes an award based upon the merits. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with the California statutes. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.  These hearings are not held in court.

1. _Binding arbitration_ means that the parties waive their right to a trial and agree to accept the arbitrator's final decision. Generally, there is no right to appeal an arbitrator's decision.
2. _Non-Binding arbitration_ means that the parties are free to request a trial with the court if they do not accept the arbitrator's decision.

**Cases for which Arbitration may be appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial. It may also be appropriate for complex matters.

**Operation/Court Policy.** Pursuant to Code of Civil Procedures § 1141.11, all civil actions in which the amount in controversy will not exceed $50,000 shall be submitted to arbitration. A case is ordered to arbitration after the Case Management Conference.  The neutral is chosen from the Courts approved panel, located on our website at www.stanct.org.

**Cost.** There is no cost to the parties for judicial arbitration. [Local Rule 3.07 (1)]

## ❖ MEDIATION

In mediation, a neutral person called a "mediator" facilitates communication among parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution. Mediation is a voluntary, informal and confidential process held out of court.

**Cases for which Mediation may be appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. If family members, neighbors or business partners have a dispute, mediation may be the best process to use.

**Operation/Court Policy.** All parties to a dispute may voluntarily agree to submit their case to mediation, either through a court appointment or through a private arrangement. A list of neutral providers who are trained and experienced have been reviewed and approved by the Court. The list can be found at www.stanct.org. Litigants are not limited to a mediator on the court list and may select any mediator agreed upon by all the parties in private mediation. A mediation provider need not be an attorney.

1. _Private Mediation._ Parties to a civil action can agree to mediate their dispute with a mediator of their choice without court assistance.
2. _Court Mediation._ Upon stipulation of the parties, the parties may either personally select their mediator from the court approved list of neutrals or request the court to make the selection from the said list. The court will confirm the selected mediator and notice parties by mail.

**Cost.** Generally the cost of _private mediation_ ranges from $100-$300 per hour and is shared equally by the parties. The cost of _court mediation_ is $400 total ($200 per side) for the first two hours. In the event that mediation extends beyond two hours and parties determine it would be beneficial to continue the mediation process, the parties will independently be responsible for compensating the mediator in an amount set by the mediator.

## ❖ Additional Information

Under the Dispute Resolution Program Act (DRPA) funding, the court partners with Stanislaus County Mediation Center to provide free mediation services to litigants in small claims matters and cases involving unlawful detainer. For more information on the specific ADR programs of the Stanislaus County Superior Court, please review the Local Rules available on the Court's website at www.stanct.org.

STAN-100

| ATTORNEY FOR PLAINTIFF *(name, bar card, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: | |

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
MAILING ADDRESS: **801 10TH STREET, 4TH FLOOR**
CITY AND ZIP CODE: **MODESTO, CA 95354**
BRANCH NAME: **MODESTO**

## STIPULATION AND ORDER TO ADR

| CASE NAME: | CASE NUMBER: |
|---|---|

The parties or by and through their attorneys' of record stipulate that the claims in this action shall be submitted to the following alternative dispute resolution process:

☐ Voluntary Mediation
☐ Private Mediation
☐ Judicial Arbitration

☐ Private Arbitration
☐ Voluntary Mediation in lieu of
   Judicial Arbitration

---

**This box is to be filled out for Voluntary Mediation and Neutral Evaluation only.**

☐ In accordance with Stanislaus County Rule of Court 3.10(D)(4) and 3.11(C)(2) this form must be signed by the agreed upon mediator. If both parties agree the court will select a mediator for the case.

☐ It is Stipulated that_____(Name of mediator) shall serve as the neutral for this case.

_____          _____
Signature of Mediator                          Date

☐ It is Stipulated that the Court select a mediator for this case.

**For Voluntary Mediation this form must be completed and returned with $400 ($200 from the plaintiffs and $200 from the defendants).**

---

▶ _____          ▶ _____
SIGNATURE                    DATE          SIGNATURE                    DATE

_____          _____
PLAINTIFF OR PLAINTIFF'S ATTORNEY          DEFENDANT OR DEFANDANT'S ATTORNEY

February 27, 2018
(Mandatory)          STIPULATION AND ORDER TO ADR

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California   91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff FELIX PEREZ

Electronically Filed
1/16/2019 4:17 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Lindsey Stringfellow, Deputy

$1435.00 PD

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF STANISLAUS

| | |
|---|---|
| FELIX PEREZ, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS HEALTH CORPORATION, a Delaware corporation a/d/a CVS Caremark; CVS PHARMACY, INC., a Rhode Island corporation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.  CV-19-000292<br><br>**CLASS ACTION** COMPLAINT FOR:<br><br>1. **Failure to Pay All Wages;**<br>2. **Failure to Pay Overtime Compensation in Violation of Cal. *Labor Code* Section 1194, *et seq.*<br>3. **Missed Meal and Rest Breaks in Violation of California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040;**<br>4. **Failure to Provide Paid Time Off in Violation of California *Labor Code* § 227.3;**<br>5. **Failure to Provide Proper Wage Statements (California *Labor Code* § 226);**<br>6. **Failure to Pay Wages at Time of Termination (California *Labor Code* §§ 201-203); and**<br>7. **Unfair Business Practices (California *Business and Professions Code* § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

This case has been assigned to Judge Beauchesne, Roger M.
Dept. 24
Department ____, for all purposes including Trial.

1    All allegations in this Class Action Complaint ("Complaint") are based upon information
2    and belief, except for those allegations which pertain to the Plaintiff Felix Perez ("Plaintiff")
3    named herein and his counsel. Plaintiff's information and belief is based upon, *inter alia*, the
4    investigation conducted to date by Plaintiff and his counsel. Each allegation in this Complaint
5    either has evidentiary support or is likely to have evidentiary support after a reasonable
6    opportunity for further investigation and discovery. Plaintiff, on behalf of himself and all others
7    similarly situated, alleges as follows:

8                                    **INTRODUCTION**

9    1.    This matter is brought as a class action pursuant to California *Code of Civil*
10   *Procedure* § 382, on behalf of Plaintiff and the members of the plaintiff class, which is defined
11   more specifically below, but which is comprised, generally, of all current and former employees
12   who were employed by Defendants CVS HEALTH CORPORATION, a Delaware corporation
13   a/d/a CVS Caremark; CVS PHARMACY, INC., a Rhode Island corporation; and DOES 1
14   through 100, inclusive (collectively, "Defendants").

15   2.    The Class Period is from January 16, 2015, to the date judgment is rendered
16   herein.

17   3.    Plaintiff seeks relief on behalf of himself and the members of the plaintiff class
18   as a result of employment policies, practices and procedures more specifically described below,
19   which violate the California *Labor Code*, and the orders and standards promulgated by the
20   California Department of Industrial Relations, Industrial Welfare Commission, and Division of
21   Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and
22   members of the plaintiff class all compensation due to them.  Said employment policies,
23   practices and procedures are generally described as follows:

    a.   Whether Defendants subjected Plaintiff and the members of the plaintiff class to
24        security checks at meal breaks, rest breaks and at the end of the work shifts
25        without proper compensation;
26
    b.   Defendants failed to provide Plaintiff and members of the plaintiff class with timely
27        meal and rest breaks (California <u>Labor Code</u> §§ 200, 226.7, 512, and 12 CCR
28

§ 11040);

c. Whether Defendants failed to provide proper meal periods to Plaintiff and members of the plaintiff class as a result of subjecting Plaintiff and members of the plaintiff class to security checks as the consequential wait time reduced the amount of the meal period and Defendants failed to compensate Plaintiff and members of the plaintiff class with one hour's wages in lieu of said full meal periods;

d. Whether Defendants failed to provide rest breaks to Plaintiff and members of the plaintiff class as a result of subjecting Plaintiff and members of the plaintiff class to security checks as the consequential wait time reduced the amount of the rest break and Defendants and failed to compensate Plaintiff and members of the plaintiff class with one hour's wages in lieu of said full rest break;

d. Whether Defendants failed to compensate Plaintiff and members of the plaintiff class with minimum wages and overtime compensation;

e. Whether Defendants failed to provide accurate itemized wage statements to Plaintiff and members of the plaintiff class;

l. Whether Defendants failed to timely pay all wages due to Plaintiff and former employees upon termination or within 72 hours of resignation;

g. Whether Defendants' conduct was willful or reckless; and

h. Whether Defendants engaged in unfair business practices in violation of *Business and Professions Code* §§ 17200, *et seq.*

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to the provisions of the California *Labor Code*, as well as California *Business & Professions Code* § 17200. Venue is proper in Sacramento County because the acts which give rise to this litigation occurred in this county and Defendants do business in Sacramento County.

///

## THE PARTIES

5.     Plaintiff is a resident of Patterson in Stanislaus County, California.  Plaintiff was employed as a full-time exempt employee by Defendants.  Plaintiff was employed by Defendants as an "Order Selector" from approximately October 11, 2014 to August 20, 2018.

6.     Defendant CVS HEALTH CORPORATION is a Delaware corporation a/d/a CVS Caremark that conducts business in California.

7.     Defendant CVS PHARMACY, INC., is a Rhode Island corporation that conducts business in California.

8.     The members of the plaintiff class are likewise former employees of Defendants within the State of California during the Class Period.

9.     Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 100, inclusive, but on information and belief, alleges that said Defendants are in some manner legally responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such Defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each Defendant named herein was the agent of the other, and the agent of all Defendants.  Plaintiff is further informed and believes, and thereon alleges, that each Defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other Defendants, and that each Defendant's actions as alleged herein was authorized and ratified by the other Defendants.

## FACTUAL ALLEGATIONS

10.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

11.     Plaintiff and the members of the plaintiff class were classified by Defendants as non-exempt employees, pursuant to the provisions of the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards.

///

///

-4-

CLASS ACTION COMPLAINT

*Defendants' Failure to Pay for All Hours Worked*

12.     Defendants did not compensate their hourly non-exempt employees for all the minutes that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendants; and/or the time that the employees were suffered or permitted to work.

### Security Checks

13.     Pursuant to a uniform policy originated by Defendants, all hourly employees are subject to personal package and bag searches. Hourly employees were and are required to wait in line and be searched for potential or possible items or merchandise taken without permission and/or other contraband.  Thus, at the discretion and control of the Defendants and solely for their benefit, Plaintiff and members of the plaintiff class were and are required to wait in line for security checks for each day before leaving for their meal break, rest break and at the end of their shift after they had already clocked out. This daily uncompensated waiting time during security checks was done in order to undergo searches for possible contraband and/or pilferage of inventory. Because such screening is designed to prevent and deter employee theft, a concern that stems from the nature of the employee's work, the security checks and consequential wait time are necessary to the employee's primary work and done solely for Defendants' benefit.

14.     A large number of hourly employees leave for breaks at the same time and/or end their shift at the same time. This creates lengthy lines and backups for employees authorized to conduct security screenings who are often times engaged in other job-related duties. As a result, employees are forced to wait in these lines and undergo lengthy off-the-clock security screenings before they are allowed to leave the premises. This work, done solely for the employer's benefit, is time which employees should be, but are not, compensated for both straight hours and overtime hours worked in excess of 40 in a week or, in California, in excess of 8 in a day.

15.     Throughout Plaintiff's employment with Defendants, he was required to undergo personal package and bag searches before he was permitted to leave the store for his

meal breaks, rest breaks and before he was permitted to leave the store after he had clocked out at the end of his shifts. These security checks were significant, integral, indispensable, not a de minimis task or request and done solely for Defendants' benefit to prevent employee pilferage. Because of Defendants' improper uncompensated security check policies as described more fully below, Plaintiff was deprived of wages as required by California state law.

16. Supervisors employed by Defendants had knowledge of and required Plaintiff to undergo these uncompensated security screenings in accordance with Defendants' corporate policy. Supervisors required and enforced the corporately derived and mandated security checks and requested that Plaintiff perform these integral and indispensable duties without proper wages or overtime compensation.

*Defendants' Failure to Pay Overtime Compensation*

17. California *Labor Code* § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

18. California *Labor Code* § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

19. Throughout the Class Period, Wage Order No. 5-2001, Section (3) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in

1   excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

2        20.   Defendants classified Plaintiff and members of the plaintiff class as non-exempt,

3   therefore they were entitled to overtime compensation for all hours worked in excess of the

4   hours and time specified in the Wage Order, statutes and regulations identified herein.

5        21.   As a matter of policy and/or practice, Defendants routinely suffered or permitted

6   Plaintiff and members of the plaintiff class to work portions of the day during which they were

7   subject to Defendants' control and failed to compensate them.  Accordingly, Defendants failed

8   to properly record the actual hours worked by Plaintiff and members of the plaintiff class, and

9   thus failed to pay overtime wages for the actual amount of overtime hours worked.

10  ***Defendants' Failure to Provide Meal and Rest Breaks***

11       23. As detailed above under "Security Checks," Plaintiff alleges that the meal and rest

12            breaks were short as a result of the security checks thereby depriving plaintiff and

13            the members of the plaintiff class of the full meal and rest breaks as required.

14       24. Plaintiff alleges that throughout the Class Period, Defendants regularly:

15            a.    Failed to provide Plaintiff and the members of the plaintiff class with a

16                  first meal period of not less than thirty (30) minutes during which they

17                  are relieved of all duty before working more than five (5) hours;

18            b.    Failed to provide Plaintiff and the members of the plaintiff class with a

19                  second meal period of not less than thirty (30) minutes during which they

20                  are relieved of all duty before working more than ten (10) hours per day;

21            c.    Failed to pay Plaintiff and the members of the plaintiff class one hour of

22                  pay at their regular rate of compensation for each workday that a meal

23                  period was not provided; and

24            d.    Failed to accurately record all meal periods.

25       22.   At all times, relevant hereto, California *Labor Code* § 226.7 and the applicable

26  wage order, required employers to authorize, permit, and provide a ten (10) minute paid rest for

27  each four (4) hours of work, during which employees are relieved of all duty.

28       At all times, relevant hereto, California *Labor Code* § 226.7(b) and the applicable wage

-7-
CLASS ACTION COMPLAINT

1   order required employers to pay one hour of additional pay at the regular rate of compensation

2   for each employee and each workday that a proper rest period is not provided.

3         Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to

4   effectively communicate California rest period requirements to Plaintiff and the members of the

5   plaintiff class. Plaintiff is further informed and believes and based thereon alleges that

6   throughout the Class Period Defendants failed to provide rest periods.

7       23.   Throughout the Class Period, Plaintiff and the members of the plaintiff class

8   were routinely denied the rest breaks they were entitled to under California law.

9       24.   Specifically, throughout the Class Period, Defendants regularly:

10           a.   Failed to provide paid rest periods of ten (10) minutes during which

11                Plaintiff and the members of the plaintiff class were relieved of all duty

12                for each four (4) hours of work and able to take rest periods within the

13                middle of the shift; and

14           b.   Failed to pay Plaintiff and the members of the plaintiff class one (1) hour

15                of pay at their regular rate of compensation for each workday that a rest

16                period was not permitted.

17   **_Defendants' Failure to Provide Pay Vacation Wages_**

18       25.   Plaintiff alleges that Defendants failed to pay his all vacation compensation due

19   as of his final date of employment of May 17, 2017.

20       26.   California _Labor Code_ § 227.3, prohibits employers from forfeiting payment of

21   the vested vacation wages of their employees.

22       27.   Defendants failed to pay out Plaintiff for unused vested vacation wages

23   (including, but not limited to, vacation pay, paid time off pay, personal day pay, personal

24   holiday pay, incidental time off, and/or floating holiday pay) in a timely fashion as he was

25   terminated by Defendant all in violation of California _Labor Code_ § 227.3.

26       28.   As a matter of uniform corporate policy, procedure and practice Defendants

27   violated California _Labor Code_ § 227.3 by failing to pay Plaintiff and members of the plaintiff

28   class all vested vacation wages at the end of their employment. The uniform policy of not

paying Plaintiff and the members of the plaintiff class all vested vacation wages at the end of their employment resulted in a forfeiture of vested vacation wages in violation of California *Labor Code* § 227.3.

29.     Defendants' Failure to Pay All Wages Due at Termination of Employment

30.     At all times relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

31.     Defendants willfully and knowingly failed to pay Plaintiff and the members of the plaintiff class, upon termination of employment, all accrued compensation including vacation wages.

32.     Defendant's Failure to Provide Accurate, Itemized Wage Statements

33.     At all times relevant hereto, California *Labor Code* § 226 and the applicable wage order required employers to maintain adequate employment records and provide employees with accurate itemized wage statements showing.

34.     Wage statements provided to Plaintiff and the members of the plaintiff class by Defendants do not show all wages earned in violation of California *Labor Code* § 226, applicable wage order, and the UCL.

***Facts Regarding Willfulness.***

35.     Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

***Unfair Business Practices***

36.     Defendants have engaged in, and continue to engage in, unfair business practices

1  in California by practicing, employing and utilizing the employment practices and policies

2  outlined above.

3       37.    Defendants' utilization of such unfair business practices constitutes unfair

4  competition and provides an unfair advantage over Defendants' competitors.

5       38.    Defendants' utilization of such unfair business practices deprives Plaintiff and

6  members of the plaintiff class of the general minimum working standards and entitlements due

7  them under California law and the Industrial Welfare Commission wage orders as described

8  herein.

9       39.    As a direct result of the wage and hour violations herein alleged, Plaintiff and

10  members of the plaintiff class have suffered, and continue to suffer substantial losses related to

11  the use and enjoyment of wages, lost interest on such wages, and expenses and attorney's fees in

12  seeking to compel Defendants to fully perform their obligations under state law, all to her

13  respective damage in amounts according to proof at the time of trial.

14  **CLASS ACTION ALLEGATIONS**

15       40.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

16       41.    Plaintiff brings this action on behalf of himself and all others similarly situated

17  as a class action, pursuant to California *Code of Civil Procedure* §382. The classes which

18  Plaintiff seeks to represent are composed of, and defined as follows:

19      **Plaintiff Class**

20      All persons who have been, or currently are, employed by Defendants in

21      distribution centers in the State of California and classified as "non-

22      exempt" employees.

23      **Terminated Sub Class**

24      All members of the Plaintiff Class whose employment ended during the Class

25      Period. (collectively, "Plaintiff Class" "Class Members")

26       42.    The Class Period is the period from January 16, 2015, through and

27  including the date judgment is rendered in this matter.

28       43.    The class is so numerous that the individual joinder of all members is

impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

44.     Common questions of law and fact exist as to all members of the class which predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.      Whether Plaintiff and the members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

b.      Whether Defendants' systematic rounding of hours worked resulted in failure to pay wages for all hours worked;

c.      Whether Plaintiff and the members of the Plaintiff Class were paid all vacation wages due;

d.      Whether Plaintiff and the members of the Plaintiff Class are entitled to overtime compensation;

e.      Whether Defendants maintained accurate records of the hours worked by Plaintiff and the members of the Plaintiff Class;

f.      Whether Defendants had a standard policy of not providing meal and rest breaks to Plaintiff and members of the Plaintiff Class;

g.      Whether Defendants had a standard policy and practice of failing to provide Plaintiff and the members of the Plaintiff Class with true and accurate wage statements upon payment of wages, in violation of California *Labor Code* § 226(a);

h.      Whether Defendants had a standard policy and practice of failing to pay all wages owed upon termination in violation of California *Labor Code* §201-203;

-11-
**CLASS ACTION COMPLAINT**

i.    Whether Defendants unlawfully and/or willfully deprived Plaintiff and the members of the Plaintiff Class of meal and rest breaks and pay for missed breaks pursuant to California Labor Code §§ 200, 226.7, 512, and 12 CCR § 11040;

j.    Whether Plaintiff and the members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

k.    Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act under California *Business & Professions Code* § 17200, *et seq.*

45.    The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class. Plaintiff and the members of the Plaintiff Class sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the Plaintiff Class.

46.    Plaintiff is an adequate representative of the Plaintiff Class because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the class members will fairly and adequately be protected by Plaintiff and his attorneys.

47.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all class members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of

recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

48.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

      a.   The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and

      b.   The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY FOR ALL HOURS WORKED

#### (By Plaintiff and the Plaintiff Class Against All Defendants)

49.     Plaintiff incorporate herein by reference the allegations set forth above.

50.     At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendants were required to compensate their hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to the Industrial Welfare Commission Orders and California *Labor Code* §§200, 226, 500, 510, 1197, and 1198.

51.     For at least the four (4) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked. Defendants implemented policies that actively prevented employees from being compensated for all time worked by employing the use of a rounding program that rounded the actual recorded start and stop time of hourly

1   employees when calculating their wages. In addition, Defendants failed to pay hourly
2   employees for all time worked when the timekeeping system malfunctioned, by recording the
3   time that employees' timecards were manually corrected, rather than the time they actually
4   began work.

5       52.    Under the above-mentioned wage order and state regulations, Plaintiff and the
6   members of the Plaintiff Class are entitled to recover compensation for all hours worked, but
7   not paid, for the four (4) years preceding the filing of this action, in addition to reasonable
8   attorney's fees and costs of suit in accordance with California *Labor Code* § 218.5, and penalties
9   pursuant to California *Labor Code* §203 and 206.

10      53.    Defendants have knowingly and willfully refused to perform their obligations to
11  compensate Plaintiff and the members of the Plaintiff Class for all wages earned and all hours
12  worked, in violation of state law. As a direct result, Plaintiff and the members of the plaintiff
13  class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of
14  such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel
15  Defendants to fully perform their obligation under state law, in accordance with Plaintiff's and
16  the members of the Plaintiff Class respective damage amounts according to proof at time of
17  trial.

18      54.    Defendants committed such actions alleged knowingly and willfully, with the
19  wrongful and deliberate intention of injuring Plaintiff and the members of the Plaintiff Class
20  from improper motives amounting to malice, and in conscious disregard the rights of the
21  Plaintiff and members of the Plaintiff Class.

22      55.    Plaintiff and the members of the Plaintiff Class are thus entitled to recover
23  nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof
24  at the time of trial.

25      56.    As a proximate result of the above-mentioned violations. Plaintiff and the
26  members of the Plaintiff Class have been damaged in an amount according to proof at time of
27  trial.

28  ///

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

#### (By Plaintiff and Plaintiff Class Against All Defendants)

57.     Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

58.     California *Labor Code* § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

59.     Defendants have failed and refused to pay to Plaintiff and each member of the Plaintiff Class all overtime wages due to them in compliance with California *Labor Code* including, but not limited to, failing to pay all overtime accrued.  Based upon information and belief, Plaintiff and the other members of the Plaintiff Class were not paid overtime when they worked in excess of eight (8) hours in a given day.  Plaintiff alleges that Defendants' policy was not to pay overtime wages until an employee had worked forty (40) hours in a workweek.

60.     As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and each member of the Plaintiff Class has been deprived of overtime wages due in amounts to be determined at trial.

61.     The applicable overtime requirements fixed by the commission for Plaintiff and the Plaintiff Class, are found in Wage Order 5-2001.

62.     Pursuant to California *Labor Code* §§ 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Class all overtime wages due, Plaintiff and members of the plaintiff class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs

1 | thereon.

## THIRD CAUSE OF ACTION

## MEAL AND REST BREAK VIOLATIONS

### (California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040)

### (By Plaintiff and Members of the Plaintiff Class Against All Defendants)

63.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

California *Labor Code* § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

64.    California *Labor Code* § 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

65.    California *Labor Code* § 512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

66.    The applicable wage order provides that "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

67.    The applicable wage order provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for

1   each workday that the meal period is not provided."

2      68.     California *Labor Code* § 226.7(a) provides that "No employer shall require any

3   employee to work during any meal or rest period mandated by an applicable order of the

4   Industrial Welfare Commission."

5      69.     The applicable wage order required employers to authorize, permit, and provide

6   a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved

7   of all duty.

8      70.     At all times, relevant hereto, California *Labor Code* § 226.7(b) and the

9   applicable wage order required employers to pay one hour of additional pay at the regular rate

10  of compensation for each employee and each workday that a proper rest period is not provided.

11     71.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class

12  consistently worked over five (5) hours per work period, and therefore, were entitled to a meal

13  period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

14     72.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class did

15  not waive their meal periods, by mutual consent with Defendants or otherwise.

16     Defendants failed to comply with the required meal periods established by California

17  *Labor Code* § 226.7, California *Labor Code* § 512, and the applicable Wage Order.

18     Defendants failed to compensate Plaintiff and members of the Plaintiff Class with

19  premium wages when meal periods were missed.

20     73.     Pursuant to the applicable wage order, and California *Labor Code* § 226.7(b)

21  (which requires, in the event that "an employer fails to provide an employee a meal or rest

22  period in accordance with an applicable order of the industrial Welfare Commission, the

23  employer shall the employee one additional hour of pay at the employee's regular rate of

24  compensation for each work day that the meal or rest period is not provided"), the members of

25  the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal

26  period, in a sum to be proven at trial.

27     74.     At all times relevant to this Complaint, each Defendants failed, and has continued to

28  fail, to timely provide Plaintiff and members of the Plaintiff Class with meal periods.

-17-
**CLASS ACTION COMPLAINT**

75. Thus, throughout the Class Period, Defendants regularly:

    (a)    Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the Plaintiff Class were relieved of all duty for each four (4) hours of work; and

    (b)    Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

76. As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and Class Members have been deprived of meal and rest period wages due in amounts to be determined at trial.

77. Pursuant to California *Labor Code* §§ 226.7, 512, and the applicable wage order, as a result of Defendants' failure to pay Plaintiff and Class Members for all meal periods and rest periods, Plaintiff and all Class Members are entitled to recover the unpaid meal and rest period wages, plus interest, fees and costs thereon.

## FOURTH CAUSE OF ACTION

### FORFEITURE OF VACATION PAY (California *Labor Code* § 227.3)

#### (By Plaintiff and the Plaintiff Class Against All Defendants)

78. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

79. This cause of action is brought pursuant to California *Labor Code* § 227.3, which prohibits employers from forfeiting payment of the vested vacation wages of their employees.

80. Plaintiff's employment by Defendants has been terminated. Plaintiff had unused vested vacation wages (including, but not limited to, vacation pay, paid time off pay, personal day pay, personal holiday pay, incidental time off, and/or floating holiday pay) that were not paid out to him in a timely fashion at the end of his employment in violation of California *Labor Code* § 227.3.

81. As a matter of uniform corporate policy, procedure and practice Defendants violated California *Labor Code* § 227.3 by failing to pay Plaintiff and the members of the

Plaintiff Class all vested vacation wages. The uniform policy of not paying Plaintiff and members of the plaintiff class all vested vacation wages at the end of their employment resulted in a forfeiture of vested vacation wages in violation of California *Labor Code* § 227.3.

82.    The conduct of Defendants, their agents and employees as described herein was willful and was taken in conscious disregard of the rights of Plaintiff and the rights of the individual members of the plaintiff class. Such conduct, taken by Defendants' managerial employees, supports an award of up to thirty (30) days of pay, pursuant to California *Labor Code* § 203, as penalties for Plaintiff and each member of the Plaintiff Class who were not compensated for all vested vacation time at the conclusion of their employment with Defendants.

83.    Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff and each member of the plaintiff class for damages and wages owed and for penalties, interest, costs and attorney's fees.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**(By Plaintiff and the Plaintiff Class Against All Defendants)**

84.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

85.    California *Labor Code* § 226(a) sets forth reporting requirements for employers when they pay wages, as follows:

> "Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . . (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item... (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment." Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

86. Furthermore, California *Labor Code* § 1174 requires that the employer maintain accurate records showing the hours worked, and wages due to his or her employees.

87. Defendants failed to accurately report the gross wages earned and the net wages earned by Plaintiff and the members of the Plaintiff Class on their wage statements.

88. Defendants failed to accurately represent the total hours worked by Plaintiff and the members of the Plaintiff Class in that all hours worked are not accurately reflected on their wage statements.

89. Plaintiff and members of the Plaintiff Class were damaged by this failure to provide accurate wage statements because, among other things, they were and are unable to determine the proper amount of wages (including vacation wages) actually owed to them, and whether they have received full compensation therefore.

90. Plaintiff and members of the Plaintiff Class are entitled to, and hereby claim, penalties as provided by California *Labor Code* § 226(e), as well as interest, attorneys' fees and costs pursuant to California *Labor Code* § 226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY WAGES AT TIME OF

### TERMINATION (CALIFORNIA *LABOR CODE* §§ 201-203)

#### (By Plaintiff and the Plaintiff Class Against All Defendants)

91. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

92. At all times relevant herein, Defendants was required to pay its employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

93. As a pattern and practice, Defendants regularly failed to pay Plaintiff and members of the Plaintiff Class their final wages pursuant to California *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

94.   The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Plaintiff Class.

95.   Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and the members of the Plaintiff Class who have separated from employment are entitled to compensation pursuant to California *Labor Code* § 203.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION: CALIFORNIA *BUSINESS AND*
## *PROFESSIONS CODE* § 17200, etc.

### (By Plaintiff and the Plaintiff Class Against All Defendants)

96.   Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

97.   Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

98.   Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the plaintiff class have suffered, and continue to suffer, injury in fact and monetary damages as a result of Defendants' actions.

99.   The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law. As such, said conduct amounts to unfair business practices in violation of California *Business and Professions Code* § 17200, *et seq*.

100.   Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, and by failing to provide proper wage statements. Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

101.   As a result of such conduct, Defendants have unlawfully and unfairly obtained

1   monies due to the Plaintiff and the members of the Plaintiff Class.

2         102.    All members of the Plaintiff Class can be identified by reference to payroll and

3   related records in the possession of the Defendants. The amount of wages due Plaintiff and

4   members of the plaintiff class can be readily determined from Defendants' records.  The Class

5   Members are entitled to restitution of monies due and obtained by Defendants during the Class

6   Period as a result of Defendants' unlawful and unfair conduct.

7         103.    During the Class Period, Defendants committed, and continues to commit, acts

8   of unfair competition as defined by § 17200, *et seq.*, of the California *Business and Professions*

9   *Code*, by and among other things, engaging in the acts and practices described above.

10        104.    Defendants' course of conduct, acts, and practices in violation of the California

11  law as mentioned in each paragraph above constitutes a separate and independent violation of §

12  17200, etc., of the California *Business and Professions Code*.

13        105.    The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully

14  denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies

15  and practices and, therefore, Defendants' actions described herein constitute an unfair business

16  practice or act within the meaning of California *Business and Professions Code* § 17200.

17        106.    Defendants' conduct described herein threatens an incipient violation of

18  California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise

19  significantly threatens or harms competition.

20        107.    Defendants' course of conduct described herein further violates California

21  *Business and Professions Code* § 17200 in that it is fraudulent, improper, and unfair.

22        108.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as

23  described herein-above have injured Plaintiff and the members of the Plaintiff Class in that they

24  were wrongfully denied the timely and full payment of wages due to them.

25                             **PRAYER FOR RELIEF**

26        WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the

27  Plaintiff Class, prays for judgment against Defendants as follows:

28        1.    For an order certifying the Plaintiff Class;

-22-

2.     For nominal damages;

3.     For equitable relief in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the plaintiff class, and disgorgement of profits from the unlawful business practices of Defendants;

4.     For penalties as permitted by the California *Labor Code*, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, California *Labor Code* §§ 201-203, 226(a), and 227.3;

6.     For interest as permitted by statute, including California *Labor Code* § 218.6;

7.     For costs of suit and expenses incurred herein as permitted by statute, including California *Labor Code* §§ 226 and 1194;

8.     For attorney's fees as permitted by statute, including California *Labor Code* §§ 226 and 1194; and

9.     For all such other and further relief that the Court may deem just and proper.

DATED: January 16, 2019                          **BRADLEY/GROMBACHER, LLP**
                                                 **LAW OFFICES OF SAHAG MAJARIAN II**


By: _____
        Marcus J. Bradley, Esq.
        Kiley Grombacher, Esq.
        Taylor L. Emerson, Esq.
        Sahag Majarian II, Esq.
        Attorneys for Plaintiff

///
///
///

-23-
**CLASS ACTION COMPLAINT**

1

## JURY DEMAND

2    Plaintiff demands a trial by jury on all issues so triable as a matter of right.

3

4    DATED: January 16, 2019

**BRADLEY/GROMBACHER, LLP**
**LAW OFFICES OF SAHAG MAJARIAN II**

5

6    By: _____

7    Marcus J. Bradley, Esq.
     Kiley Grombacher, Esq.

8    Taylor L. Emerson, Esq.
     Sahag Majarian II, Esq.

9    Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-24-
**CLASS ACTION COMPLAINT**