**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California   91356
Telephone: (818) 609-0807
Facsimile:  (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff FELIX PEREZ

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX PEREZ, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS HEALTH CORPORATION, a Delaware corporation a/d/a CVS Caremark; CVS PHARMACY, INC., a Rhode Island corporation,,<br><br>Defendants. | **CASE NO. 1:19-cv-00449-DAD-BAM**<br><br>*Assigned:   Judge Dale A. Drozd and Magistrate Judge Barbara A. McAuliffe*<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. **Violation of California *Labor Code* §§ 2698, et. seq.**<br><br>**DEMAND FOR JURY TRIAL** |

-1-
**SECOND AMENDED COMPLAINT**

All allegations in this Second Amended Complaint ("Complaint") are based upon information and belief, except for those allegations which pertain to the Plaintiff Felix Perez ("Plaintiff") named herein and his counsel. Plaintiff's information and belief is based upon, *inter alia*, the investigation conducted to date by Plaintiff and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

# INTRODUCTION

1. This is an enforcement action under the Labor Code Private Attorneys General Act of 2004, California *Labor Code* §2698 et seq. ("PAGA") to recover civil penalties and any other available relief on behalf of Plaintiff, the State of California, and former and current non-exempt employees of Defendants CVS HEALTH CORPORATION, a Delaware corporation a/d/a CVS Caremark; CVS PHARMACY, INC., a Rhode Island corporation (collectively, "Defendants"). Plaintiff's share of civil penalties sought in this action does not exceed $75,000.

2. The Relevant Time Period is one year prior to the date this lawsuit is filed through the date judgment is rendered herein ("Relevant Time Period").

3. Plaintiff seeks relief on behalf of himself and all other aggrieved employees as a result of employment policies, practices and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendant to pay Plaintiff and all other aggrieved employees all wages due to them. Said employment policies, practices and procedures are generally described as follows:

a. Defendants subjected Plaintiff and the other aggrieved employees to security checks at meal breaks, rest breaks and at the end of the work shifts without proper compensation;

b. Defendants failed to provide Plaintiff and other aggrieved employees with timely meal and rest breaks (California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040);

c. Defendants failed to provide proper meal periods to Plaintiff and other aggrieved employees as a result of subjecting Plaintiff and other aggrieved employees to security checks as the consequential wait time reduced the amount of the meal period and Defendants failed to compensate Plaintiff and other aggrieved employees with one hour's wages in lieu of said full meal periods;

d. Defendants failed to provide rest breaks to Plaintiff and other aggrieved employees as a result of subjecting Plaintiff and other aggrieved employees to security checks as the consequential wait time reduced the amount of the rest break and Defendants and failed to compensate Plaintiff and other aggrieved employees with one hour's wages in lieu of said full rest break;

e. Defendants failed to compensate Plaintiff and other aggrieved employees with minimum wages and overtime compensation;

f. Defendants failed to provide accurate itemized wage statements to Plaintiff and other aggrieved employees; and,

g. Whether Defendants failed to timely pay all wages due to Plaintiff and other aggrieved employees upon termination or within 72 hours of resignation.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to the provisions of the California *Labor Code*. On information and belief, Defendants are either

citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice. There is no basis for federal diversity jurisdiction in this action given that the State of California, as the real party in interest in this action, is not a "citizen" for purposes of satisfying diversity jurisdiction. *Urbino v. Orkin Servs. of Cal.*, 726 F.3d 1118, 1123 (9th Cir. Cal. 2013). *Urbino* also holds that civil penalties cannot be aggregated to satisfy the amount in controversy requirement for federal diversity jurisdiction in this action, and that diversity jurisdiction cannot be established when Plaintiff's share of the civil penalties attributable to violations personally suffered are less than $75,000. *Id.* at 1122.

5. California *Labor Code* §§2698 et seq., the "Labor Code Private Attorneys Generals Act of 2004" ("PAGA"), authorize aggrieved employees to sue as private attorneys general their current or former employers for various civil penalties for violating the California *Labor Code*.

## THE PARTIES

6. Plaintiff is a resident of Patterson in Stanislaus County, California. Plaintiff was employed as a full-time exempt employee by Defendants. Plaintiff was employed by Defendants as an "Order Selector" from approximately October 11, 2014 to August 20, 2018.

7. Defendant CVS HEALTH CORPORATION is a Delaware corporation a/d/a CVS Caremark that conducts business in California.

8. Defendant CVS PHARMACY, INC., is a Rhode Island corporation that conducts business in California.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

-4-
**SECOND AMENDED COMPLAINT**

10. Plaintiff and all other aggrieved employees were and are classified by Defendants as non-exempt employees, pursuant to the provisions of the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards. As non-exempt employees, Plaintiff and all other aggrieved employees are entitled to certain benefits, including mandated meal and rest breaks. In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

**Defendants' Failure to Pay for All Hours Worked**

12. Defendants did not compensate their hourly non-exempt employees for all the minutes that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendants; and/or the time that the employees were suffered or permitted to work.

**Security Checks**

13. Pursuant to a uniform policy originated by Defendants, all hourly employees are subject to personal package and bag searches. Hourly employees were and are required to wait in line and be searched for potential or possible items or merchandise taken without permission and/or other contraband. Thus, at the discretion and control of the Defendants and solely for their benefit, Plaintiff and other aggrieved employees were and are required to wait in line for security checks for each day before leaving for their meal break, rest break and at the end of their shift after they had already clocked out. This daily uncompensated waiting time during security checks was done in order to undergo searches for possible contraband and/or pilferage of inventory. Because such screening is designed to prevent and deter employee theft, a concern that stems from the nature of the employee's work, the security checks and consequential wait time

are necessary to the employee's primary work and done solely for Defendants' benefit.

14. A large number of hourly employees leave for breaks at the same time and/or end their shift at the same time. This creates lengthy lines and backups for employees authorized to conduct security screenings who are often times engaged in other job-related duties. As a result, employees are forced to wait in these lines and undergo lengthy off-the-clock security screenings before they are allowed to leave the premises. This work, done solely for the employer's benefit, is time which employees should be, but are not, compensated for both straight hours and overtime hours worked in excess of 40 in a week or, in California, in excess of 8 in a day.

15. Throughout Plaintiff's employment with Defendants, he was required to undergo personal package and bag searches before he was permitted to leave the store for his meal breaks, rest breaks and before he was permitted to leave the store after he had clocked out at the end of his shifts. These security checks were significant, integral, indispensable, not a de minimis task or request and done solely for Defendants' benefit to prevent employee pilferage. Because of Defendants' improper uncompensated security check policies as described more fully below, Plaintiff was deprived of wages as required by California state law.

16. Supervisors employed by Defendants had knowledge of and required Plaintiff to undergo these uncompensated security screenings in accordance with Defendants' corporate policy. Supervisors required and enforced the corporately derived and mandated security checks and requested that Plaintiff perform these integral and indispensable duties without proper wages or overtime compensation.

***Defendants' Failure to Pay Overtime Compensation***

17. California *Labor Code* § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the

1  unpaid balance of the full amount of this minimum wage or overtime
2  compensation, including interest thereon, reasonable attorney's fees, and costs of
3  suit.

    18. California *Labor Code* § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

    19. Wage Order No. 5-2001, Section (3) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

    20. Defendants classified Plaintiff and other aggrieved employees as non-exempt, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

    21. As a matter of policy and/or practice, Defendants routinely suffered or permitted Plaintiff and other aggrieved employees to work portions of the day during which they were subject to Defendants' control and failed to compensate them. Accordingly, Defendants failed to properly record the actual hours worked

by Plaintiff and other aggrieved employees, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

***Defendants' Failure to Provide Meal and Rest Breaks***

22. As detailed above under "Security Checks," Plaintiff alleges that the meal and rest breaks were short as a result of the security checks thereby depriving plaintiff and the other aggrieved employees of the full meal and rest breaks as required.

23. Plaintiff alleges that throughout the Relevant Time Period, Defendants regularly:

    a. Failed to provide Plaintiff and the other aggrieved employees with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

    b. Failed to provide Plaintiff and the other aggrieved employees with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

    c. Failed to pay Plaintiff and the other aggrieved employees one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

    d. Failed to accurately record all meal periods.

24. At all times, relevant hereto, California *Labor Code* § 226.7 and the applicable wage order, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

At all times, relevant hereto, California *Labor Code* § 226.7(b) and the applicable wage order required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper

rest period is not provided.

Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to effectively communicate California rest period requirements to Plaintiff and the other aggrieved employees. Plaintiff is further informed and believes and based thereon alleges that throughout the Relevant Time Period Defendants failed to provide rest periods.

25. Throughout the Relevant Time Period, Plaintiff and the other aggrieved employees were routinely denied the rest breaks they were entitled to under California law.

26. Specifically, throughout the Relevant Time Period, Defendants regularly:

    a. Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the other aggrieved employees were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift; and

    b. Failed to pay Plaintiff and the other aggrieved employees one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

***Defendants' Failure to Provide Pay Vacation Wages***

27. Plaintiff alleges that Defendants failed to pay him all vacation compensation due as of his final date of employment of May 17, 2017.

28. California *Labor Code* § 227.3, prohibits employers from forfeiting payment of the vested vacation wages of their employees.

29. Defendants failed to pay out Plaintiff for unused vested vacation wages (including, but not limited to, vacation pay, paid time off pay, personal day pay, personal holiday pay, incidental time off, and/or floating holiday pay) in a timely fashion as he was terminated by Defendant all in violation of California *Labor Code* § 227.3.

30. As a matter of uniform corporate policy, procedure and practice Defendants violated California *Labor Code* § 227.3 by failing to pay Plaintiff and other aggrieved employees all vested vacation wages at the end of their employment. The uniform policy of not paying Plaintiff and the other aggrieved employees all vested vacation wages at the end of their employment resulted in a forfeiture of vested vacation wages in violation of California *Labor Code* § 227.3.

*Defendants' Failure to Pay All Wages Due at Termination of Employment*

31. At all times relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

32. Defendants willfully and knowingly failed to pay Plaintiff and the other aggrieved employees, upon termination of employment, all accrued compensation including vacation wages.

*Defendants' Failure to Provide Accurate, Itemized Wage Statements*

33. At all times relevant hereto, California *Labor Code* § 226 and the applicable wage order required employers to maintain adequate employment records and provide employees with accurate itemized wage statements showing.

34. Wage statements provided to Plaintiff and the other aggrieved employees by Defendants do not show all wages earned in violation of California *Labor Code* § 226, applicable wage order, and the UCL.

*Facts Regarding Willfulness*.

35. Plaintiff is informed and believes and based thereon alleges that

Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

### *Plaintiff's Exhaustion of Administrative Remedies*

36. Plaintiff complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3.  By letter dated January 16, 2019 required notice to the Labor and Workforce Development Agency ("LWDA") and Defendant of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

37. More than sixty (60) days have passed since the date the notice was mailed to Defendant and the LWDA and no response from the LWDA has been received.

## PAGA REPRESENTATIVE ALLEGATIONS

38. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

39. Plaintiff brings this action on behalf of himself and all other aggrieved employees. The aggrieved employees are composed of, and defined as follows:

> **Aggrieved Employees:**
> All employees who were or are employed by Defendants in California as "non-exempt employees" against whom one or more violations of any provision in Division 2 Part 2 Chapter 1 of the Labor Code or any provision regulating hours and days of work in the applicable Industrial Welfare Commission ("IWC") Wage Order were committed, as set forth in this complaint, at any time between one year prior to the filing of this complaint until judgment. As used in this definition, the term "non-exempt employee" refers to those who Defendants

have classified as non-exempt from the overtime wage provisions of the California Labor Code.

## FIRST CAUSE OF ACTION
## VIOLATION OF CALIFORNIA *LABOR CODE* §§ 2698, *et seq*. (PAGA)
**(Against Defendants on behalf of Plaintiff**
**and the other aggrieved employees)**

40. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

41. PAGA permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in California *Labor Code* §2699.5.

42. PAGA provides as follows: "[n]otwithstanding any other provision of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

43. Defendants' conduct, as alleged herein, violates numerous sections of the California *Labor Code* including, but not limited to, the following:

    a. Defendants subjected Plaintiff and the other aggrieved employees to security checks at meal breaks, rest breaks and at the end of the work shifts without proper compensation;

    b. Defendants failed to provide Plaintiff and other aggrieved employees with timely meal and rest breaks (California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040);

    c. Defendants failed to provide proper meal periods to Plaintiff and other aggrieved employees as a result of subjecting Plaintiff and other aggrieved employees to security checks as the consequential wait time reduced the amount of the meal period and Defendants failed to compensate Plaintiff and other aggrieved employees with one hour's wages in lieu of said full

-12-
SECOND AMENDED COMPLAINT

        meal periods;

    d. Defendants failed to provide rest breaks to Plaintiff and other aggrieved employees as a result of subjecting Plaintiff and other aggrieved employees to security checks as the consequential wait time reduced the amount of the rest break and Defendants and failed to compensate Plaintiff and other aggrieved employees with one hour's wages in lieu of said full rest break;

    e. Defendants failed to compensate Plaintiff and other aggrieved employees with minimum wages and overtime compensation;

    f. Defendants failed to provide accurate itemized wage statements to Plaintiff and other aggrieved employees ; and,

    g. Whether Defendants failed to timely pay all wages due to Plaintiff and other aggrieved employees upon termination or within 72 hours of resignation.

44. California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California *Labor Code* section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

45. California *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

> "Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . . . (8) the name and address of the legal entity that is the employer and,

   if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer."

Section (e) provides:

   "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorneys' fees."

  46. California *Labor Code* § 1174 provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"

  47. California *Labor Code* §204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California *Labor Code* § 204 also requires that all wages earned for labor in excess of the normal work period shall

be paid no later than the payday for the next regular payroll period.

48. California *Labor Code* § 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

49. Defendants, at all times relevant to this complaint, was employers or persons acting on behalf of an employer(s) who violated Plaintiff and other aggrieved employees' rights by violating various sections of the California *Labor Code* as set forth above.

50. As set forth above, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable order of the IWC.  Accordingly, Plaintiff seeks the penalties set forth in California *Labor Code* § 558 for himself, the State of California, and all other aggrieved employees.

51. Pursuant to PAGA, and in particular California *Labor Code* §§ 2699(a), 2699.3, 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and for Plaintiff, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California *Labor Code* §§ 200, 201, 202, 203, 226(a), 227.3, 510, 512, 1174, 1194, and, 1198.

52. California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage

-15-
SECOND AMENDED COMPLAINT

order. California *Labor Code* § 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

53. California *Labor Code* § 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California *Labor Code* § 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

54. During the relevant time period, Defendants failed to pay Plaintiff and the aggrieved employees all wages due to them including, but not limited to, overtime wages, all wages due, and meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.  During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to them including, but not limited to, overtime wages, minimum wages, meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.

55. Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3 and SB 836.  By letter dated January 16, 2019, Plaintiff, on behalf of himself and the other aggrieved employees, pursuant to California *Labor Code* § 2699.3 and SB 836, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendant of the specific provisions of the California Labor Code

-16-
**SECOND AMENDED COMPLAINT**

alleged to have been violated, including the facts and theories to support the alleged violations.

56. More than 60 days has passed since the January 16, 2019 Notice to the LWDA and no response has been received.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the other aggrieved employees, prays for judgment against Defendants as follows:

1. For penalties as permitted by the California *Labor Code*, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, for penalties permitted by California *Labor Code* §§ 2698-2699;

2. For interest as permitted by statute;

3. For costs of suit and expenses incurred herein as permitted by statute, including California *Labor Code* §§ 226(a);

4. For attorneys' fees as permitted by statute, including California *Labor Code* §§ 226(a); and

5. For all such other and further relief that the Court may deem just and proper.

DATED: January 10, 2020

**BRADLEY/GROMBACHER, LLP**
**LAW OFFICES OF SAHAG MAJARIAN II**


By: /s/ Marcus J. Bradley, Esq.
    Marcus J. Bradley, Esq.
    Kiley Grombacher, Esq.
    Sahag Majarian II, Esq.
    Attorneys for Plaintiff

## DEMAND FOR A JURY TRIAL

DATED: January 10, 2020

**BRADLEY/GROMBACHER, LLP**
**LAW OFFICES OF SAHAG**
**MAJARIAN II**

By: /s/ Marcus J. Bradley, Esq.
    Marcus J. Bradley, Esq.
    Kiley Grombacher, Esq.
    Sahag Majarian II, Esq.
    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court, Eastern District of California, in *Perez v. CVS Health Corporation*, (Case No. 1:19-at-00249) by using the Court's CM/ECF system on January 10, 2020. Service will be accomplished by the Court's CM/ECF system.

Date: January 10, 2020      /s/ Marcus J. Bradley, Esq.
                                          Marcus J. Bradley, Esq.