1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  FELIX PEREZ, an individual, on his own          No.  1:19-cv-00449-DAD-BAM
    behalf and on behalf of all others similarly
12  situated,

13                          Plaintiff,              ORDER TO SHOW CAUSE WHY THIS
                                                    ACTION SHOULD NOT BE DISMISSED
14         v.                                       FOR LACK OF JURISDICTION

15  CVS HEALTH CORPORATION, et al.,

16                          Defendants.

17

18         As a result of conclusory, confusing, and contradictory filings by the parties in this

19  action, it is unclear to the court that it has subject matter jurisdiction[1] over this action.  The court

20  will therefore order the parties to show cause why this action should not be dismissed for lack of

21  subject matter jurisdiction.  The following background highlights the facts which have

22  necessitated the issuance of this order.

23         On January 16, 2019, plaintiff Felix Perez commenced this class action against defendant

24  CVS Health Corporation, d/b/a CVS Caremark, and CVS Pharmacy, Inc. (collectively, "CVS") in

25  ─────────────────────
    [1]  "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*,
26  511 U.S. 375, 377 (1994).  "[S]ubject matter jurisdiction of the district court is not a waivable
    matter and may be raised at anytime . . . *sua sponte* by the . . . court."  *Emrich v. Touche Ross &*
27  *Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).  "It is to be presumed that a cause lies outside this
    limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting
28  jurisdiction."  *Kokkonen*, 511 U.S. at 377 (internal citation omitted).

                                                    1

1   the Stanislaus County Superior Court.  (Doc. No. 1-3.)  Plaintiff's original complaint was brought

2   individually and on behalf of current and former non-exempt CVS employees who worked in

3   CVS distribution centers in California during the class period.  (*Id.* at 19.)  That complaint

4   asserted seven causes of action for various wage and hour violations under the California Labor

5   Code and the California Business and Professions Code.  (*Id.* at 10.)  On April 2, 2019, plaintiff

6   filed a first amended complaint ("the FAC") in the Stanislaus County Superior Court, adding an

7   eighth cause of action for violations of the Private Attorney General Act ("PAGA"), California

8   Labor Code §§ 2698 *et seq.*  (Doc. No. 1-5.)

9          On April 5, 2019, CVS removed this action to this federal court.  (Doc. No. 1.)  The notice

10   of removal stated that this court has diversity jurisdiction over this action pursuant to the Class

11   Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (*Id.* at 3–4.)  The notice of removal relied

12   specifically on the FAC's sixth cause of action for failure to pay wages at the time of termination

13   to establish the amount-in-controversy requirement, calculating that the value of that claim was

14   estimated to be a little over $5.5 million.  (Doc. No. 1 at 8–11.)  While the notice of removal also

15   asserted that plaintiff's other wage and hour claims "put additional amounts in controversy," it

16   did not calculate any of those amounts, and it did not at all address the amount in controversy as

17   related to the PAGA claim.  (*See id.*)

18          On July 9, 2019, the parties filed a joint scheduling report, in which CVS asserted that

19   plaintiff's "individual Labor Code claims, including claims for individual recovery under PAGA,

20   are subject to an arbitration agreement and class action waiver."  (Doc. No. 8 at 2.)  On that same

21   day, the parties filed a stipulation to allow plaintiff to file a second amended complaint, a

22   /////

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

2

1   proposed version of which they attached to their stipulation.  (Doc. No. 9; *see id.* at Exs. A, B.[2])

2   In the stipulation, plaintiff stated that he had "determined the best course of action is to . . .

3   proceed solely as a PAGA enforcement action for civil penalties."  (*Id.* at 3.)  On July 10, 2019,

4   the court granted plaintiff leave to file a second amended complaint, but directed him to properly

5   allege venue,[3] and the court also warned the parties that this case might well be remanded if it

6   proceeded on the PAGA claim only.  (Doc. No. 10; *see also* Doc. No. 31 at 3.)

7           On January 10, 2020—six months after the court granted plaintiff leave to file a second

8   amended complaint and just before the mediation session that the parties scheduled (*see* Doc.

9   Nos.  11 at 2; 13 at 2)—plaintiff filed his second amended complaint ("the SAC").  (Doc. No. 16.)

10  Consistent with the parties July 9, 2019 stipulation, the SAC asserts a single cause of action for

11  violations of PAGA.  (*Id.*)  But unlike the original complaint and the FAC, which were brought

12  on behalf of current and former non-exempt CVS employees that worked at CVS distribution

13  centers in California during the class period, the putative class alleged in the SAC is more

14  expansive.  In this regard, the SAC is brought on behalf of "[a]ll employees who were or are

15  employed by Defendants in California as 'non-exempt employees'" during the class period.  (*Id.*

16  at 11) (emphasis added).

17          Moreover, although the SAC contains a heading titled "Jurisdiction and Venue" (*id.* at 3),

18  and although the court previously specifically instructed plaintiff to properly allege venue, there

19

20  [2]  The parties' stipulation states that "a redlined Second Amended Complaint tracking the changes
    is attached hereto as **Exhibit 'A'**" and that "a clean copy . . . is attached as **Exhibit 'B.'**"  (Doc.
21  No. 9 at 3.)  One would obviously assume that "the changes" being tracked are changes between
    the FAC and the proposed second amended complaint.  However, a closer review of the exhibits
22  reveals that that is not the case.  Only two pages of Exhibit A contain redlines.  (*See* Doc. No. 9 at
    20, 22.)  The redlined version does not track the many other changes between the FAC and the
23  exhibit, including the deletion of *seven* causes of action as well as the expansion of the putative
    class to include *all* current or former non-exempt CVS employees (not just those in CVS's
24  distribution centers).  (*Compare* Doc. No. 1-5 at 2–29, with Doc. No. 9 at 6–23.)  Troubling still,
    and as discussed later in this order, a potential intervenor argues that the ultimate expansion of the
25  class in this regard was intended to undercut the recovery he is seeking against CVS in a different
    class action pending before a different California district court.
26
27
    [3]  The proposed second amended complaint alleged that venue was proper in "Sacramento
28  County."  (Doc. No. 9 at 28.)

1   are no allegations as to venue in the SAC.  With respect to jurisdiction, the SAC states that "[t]his

2   Court has jurisdiction over this matter pursuant to the provisions of California *Labor Code*." (*Id.*

3   at 3.)  The California Labor Code, however, is state law and therefore does not confer jurisdiction

4   on this federal court.  The SAC also confusingly states that in a PAGA action "[t]here is no basis

5   for federal diversity jurisdiction . . . given that the State of California, as the real party in interest

6   in this action, is not a 'citizen' for purposes of satisfying diversity jurisdiction." (*Id.* at 4) (citing

7   *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013)).  Plaintiff's statement

8   in this regard undercuts the position that this court has subject matter jurisdiction over this action.

9   Indeed, as discussed above, the PAGA claim—which is the only claim in the SAC and was the

10  eighth claim in the FAC—was not relied upon by CVS in removing this action under CAFA.

11  Moreover, the SAC does not reference CAFA or any other federal statute conferring federal court

12  jurisdiction.  In the Ninth Circuit opinion cited by plaintiff in his SAC, the court stated:

13          Defendants contend however that the interest Urbino asserts is not
            his individual interest but rather the state's collective interest in
14          enforcing its labor laws through PAGA. . . .  To the extent Plaintiff
            can—and does—assert anything but his individual interest, [] we are
15          unpersuaded that such a suit, the primary benefit of which will inure
            to the state, satisfies the requirements of federal diversity
16          jurisdiction.  The state, as the real party in interest, is not a "citizen"
            for diversity purposes.  Accordingly, the federal courts lack subject
17          matter jurisdiction over this quintessential California dispute.

18  *Urbino*, 726 F.3d at 1123–24 (internal citations omitted); *see also Baumann v. Chase Inv. Servs.*

19  *Corp.*, 747 F.3d 1117, 1119 (9th Cir. 2014) (holding that CAFA "provides no basis for federal

20  jurisdiction" over a PAGA action); *McElhannon v. Carmax Auto Superstores W. Coast, Inc.*, No.

21  3:19-cv-00586-WHO, 2019 WL 2354879, at *3 (N.D. Cal. June 4, 2019) ("The SAC pleads only

22  a representative action under PAGA.  Although Carmax properly removed this case to federal

23  court, under the SAC the basis for federal jurisdiction no longer exists."); *Barker v. U.S. Bancorp*,

24  No. 3:15-cv-01641-CAB-WVG, 2018 WL 340232, at *1 (S.D. Cal. Jan. 9, 2018)  ("CAFA,

25  however, 'provides no basis for federal jurisdiction' over a PAGA action.") (citing *Baumann*, 474

26  F.3d at 1124.  On the face of the SAC, it is therefore unclear how this federal court has

27  jurisdiction over a claim that arises solely under PAGA.  Although these deficiencies would be

28  /////

enough to support the issuance of this order to show cause, there are yet more reasons to question counsels' actions.

On February 21, 2020, Ryan Hyams and Regine Duhon (collectively, "Hyams") filed a notice of related case.  (Doc. No. 21.)  Therein, Hyams argues that this action is related to his "earlier-filed, broader [class] action [against CVS] pending in the United States District Court for the Northern District of California."  (*Id.* at 2); *see also Ryan Hyams, et al. v. CVS Health Corporation, et al.*, No. 4:18-cv-06278-HSG (N.D. Cal.) (the "*Hyams* action").  On March 6, 2020, Hyams moved to intervene in this action pursuant to Federal Rule of Civil Procedure 24, arguing that Perez and CVS improperly expanded the scope of the class in this action "to pursue settlement of this later-filed, and less litigated, action, as part of a reverse auction to resolve much of the overlapping PAGA claim with the lowest bidder."  (Doc. No. 23-1 at 6–7.)  Hyams' motion to intervene remains pending before this court.

Shortly thereafter, on March 12, 2020, the plaintiff and CVS filed a notice of settlement of this action.  (Doc. No. 27.)

On April 7, 2020, plaintiff and CVS each filed an opposition to Hyams' motion to intervene in this action.  (Doc. Nos. 31, 32.)  Plaintiff and CVS both argued that the expanded scope of the class in the SAC was the result of a "scrivener's error" which "omitt[ed] the phrase 'distribution centers' from the definition of aggrieved employees."  (Doc. No. 31 at 3; *see also* Doc. No. 32 at 8.)  In his opposition, plaintiff also noted that he "intends to file a proposed Third Amended Complaint" concurrently with his motion for preliminary approval of class action settlement that would "limit[] the scope of the class to only those nonexempt employees at Defendant's distribution centers as was originally pled."  (Doc. Nos. 31 at 3; 31-1 at 4.)

On May 14, 2020, the plaintiff filed a motion for preliminary approval of class action settlement.  (Doc. No. 41.)  That motion also remains pending before this court.[4]  Attached to the

/////

---

[4]  Hyams filed a motion to stay the June 12, 2020 hearing on the motion for preliminary approval of class action settlement until after the court had an opportunity to rule on his motion to intervene.  (Doc. No. 40.)  That motion to stay remains pending as well.

motion is what the court construes as plaintiff's proposed third amended complaint ("the proposed TAC").[5]  (*See* Doc. No. 41-2 at 47–79.)  While the proposed TAC does limit the scope of the putative class to non-exempt employees at CVS's distribution centers in California for the relevant class period, it also—*without any explanation*—realleges the seven individual claims that the parties stipulated to dismissing from this action back on July 9, 2019.[6]  (*See id.* at 59–60; Doc. No. 9 at 3.)  Moreover, while the proposed TAC alleges that venue is proper in this district, with respect to jurisdiction, it states only that "[t]his Court has jurisdiction over this matter pursuant to the provisions of the California *Labor Code*, as well as California *Business & Professions Code* § 17200."  (Doc. No. 41-2 at 51.)  Thus, like the operative SAC, the proposed TAC also does not allege the basis on which this federal court has subject matter jurisdiction over this action.

Accordingly, for all of the reasons set forth above:

1. **The parties are directed to show cause in writing within ten (10) days of this order why this action should not be dismissed for lack of subject matter jurisdiction**;

    a. To the extent that plaintiff seeks to file a third amended complaint, plaintiff is further directed to provide an explanation for why the court should

---

[5]  The court notes that in the proposed TAC, plaintiff asserts that his SAC "was not entered by the Court and was never an operative complaint" and "to avoid confusion, this document is entitled the Third Amended Complaint."  (Doc. No. 41-2 at 51.)  Setting aside that plaintiff never sought leave to file a third amended complaint, plaintiff's assertions is contradicted by the docket entry for the SAC, which reflects its entry on January 10, 2020.  (*See* Doc. No. 16.)

[6]  Plaintiff commenced this suit in state court, presumably because he wanted to litigate in that forum.  While plaintiff offers no explanation for why he is seeking to reassert in his proposed TAC the claims that the parties stipulated to dismiss, the likely explanation is that for some reason he wants to avoid the very jurisdictional issues raised by the Ninth Circuit in *Urbino* and *Baumann* that would necessitate remanding this action back to state court.  But why?  Given plaintiff's unsubstantiated and provably false assertion that the operative SAC was never entered on the docket and that he therefore filed his proposed TAC to "avoid confusion," and given that he did not inform the court of the material changes between the proposed TAC and operative SAC, the court is concerned that plaintiff was trying to hide the ball from the court.  That concern is compounded by proposed intervenor Hyams' contention that Perez and CVS are "colluding to advance their own mutually-beneficial interests while selling out the interests of the 'aggrieved employees' and the California Labor and Workforce Development Agency" (Doc. No. 34 at 6), as well as the fact that Perez and CVS appear to now be rushing to settle this action.

6

permit him to do so, particularly if he is seeking to reassert the claims that the parties previously stipulated to dismiss; and

2.   Because the parties have not established that this court has subject matter jurisdiction over this action, the following pending motions are denied without prejudice to their refiling:

    a.   Hyams' motion to intervene (Doc. No. 23);

    b.   Plaintiff's motion for preliminary approval of class action settlement (Doc. No. 41); and

    c.   Hyams' motion to stay the hearing on the preliminary approval motion (Doc. No. 40).

IT IS SO ORDERED.

Dated: **June 4, 2020**

UNITED STATES DISTRICT JUDGE