1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELIX PEREZ, an individual, on his own behalf and on behalf of all others similarly situated, | Case No. 1:19-cv-00449-DAD-BAM |
| Plaintiff, | **FINDINGS AND RECOMENDATIONS REGARDING PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND PAGA ACTION SETTLEMENT** |
| vs. | |
| CVS HEALTH CORPORATION, a Delaware corporation a/d/a CVS Caremark; CVS PHARMACY, INC., a Rhode Island corporation; and DOES 1-100, inclusive, | (Doc. No. 57) |
| Defendant. | |

**FINDINGS AND RECOMMENDATIONS**

Currently pending before the Court is Plaintiff Felix Perez's Renewed Motion for Preliminary Approval of Class Action Settlement.  (Doc. No. 57.)  The matter was heard on July 31, 2020, before the Honorable Barbara A. McAuliffe.  Counsel Marcus Bradley appeared by telephone on behalf of Plaintiff.  Counsel Jennifer Zargarof appeared by telephone on behalf of Defendants CVS Health Corporation and CVS Pharmacy Inc.

Following the hearing, the Court directed Plaintiff to submit supplemental briefing addressing the following:  (1) discovery completed prior to settlement; (2) an explanation of the damage estimate and

counsel's determination of the range of estimated total damages, monetary penalties or other relief tha the

class could reasonably expect to be awarded at trial; and (3) the adequacy of the Private Attorney General

Act payment. (Doc. No. 61.) Defendants also were permitted to file supplemental briefing in support of

preliminary approval. On August 21, 2020, Plaintiff filed his supplemental brief. (Doc. No. 65.)

Defendants did not file a supplemental brief, and the time to do so has passed.

Having considered the motion, the points and authorities, the arguments of counsel and the

supplemental briefing (Doc. No. 65) submitted in support of the Motion, including the Class Action and

PAGA Settlement and Release ("Settlement Agreement" or "Settlement") and exhibits, and **GOOD**

**CAUSE** appearing, **IT IS HEREBY RECOMMENDED** that the Renewed Motion for Preliminary

Approval of the Class Action Settlement be **GRANTED**, subject to the following findings:

1.      These findings and recommendations incorporate by reference the definitions in the

Settlement Agreement, and all terms defined therein shall have the same meaning as set forth in the

Settlement Agreement.

2.      Plaintiff has filed a Third Amended Complaint to conform the pleadings with the scope

and definitions of the Settlement Agreement. (ECF No. 58-1.) Defendants shall not be required to answer

the Third Amended Complaint and will not be deemed to have waived any defenses thereto, including the

ability to compel some or all claims to individual arbitration.

3.      Plaintiff alleges that Defendants subjected their hourly distribution center employees to

security checks resulting in deficient meal and rest periods and time that was not fully compensated. The

third amended complaint, filed on June 24, 2020, alleges that Defendants: (1) failed to pay for all hours

worked; (2) failed to pay overtime wages; (3) failed to provide meal and rest breaks in violation of the

California Labor Code and applicable wage order; (4) failed to provide paid vacation wages at the end of

employment in violation of the California Labor Code; (5) failed to provide accurate, itemized wage

statements in violation of the California Labor Code and applicable wage order; (6) failed to pay all wages

due at termination in violation of the California Labor Code; (7) engaged in unfair competition in violation

of California Business & Professions Code §§ 17200 et seq.; and (8) violated PAGA (i.e., California

Labor Code § 2698 et seq.).

4.      For settlement purposes only, the Court recommends conditionally certifying the

settlement class as follows:

> All CVS non-exempt employees who worked in California distribution centers between January 16, 2015, and the earlier of (1) the Date of Preliminary Approval of this settlement, or (2) August 15, 2020 inclusive (the "Class Period").

5.      The Court finds that, for settlement purposes only, the settlement class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure in that: (1) the settlement class is ascertainable and so numerous that joinder of all members of the Settlement Class is impracticable; (2) there are common questions of law and fact, and the questions of law and fact common to the settlement class predominate; (3) Plaintiff's claims are typical of the claims of the members of the settlement class; (4) Plaintiff will fairly and adequately protect the interests of the members of the settlement class; and (5) a class action is superior to other available methods for the efficient adjudication of the controversy.

6.      It appears to the Court on a preliminary basis that the Settlement Agreement, entered into among the Parties and their counsel, is fair, adequate and reasonable.   It further appears to the Court that the Parties conducted extensive investigation and research, and that they were able to reasonably evaluate their position and the strengths and weaknesses of the claims.  The Parties have provided the Court with enough information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

7.      The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the Action.  It further appears that the Settlement has been reached as the result of intensive, serious, and non-collusive arms-length negotiations, and was entered into in good faith.

8.      The Court preliminarily finds that the Settlement, which provides for a Gross Settlement Amount of $1,850,000 for approximately 3,405 current and former non-exempt distribution center employees, appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.  The Gross Settlement Amount includes all attorneys' fees, litigation costs, claims administration fees, and incentive payment to the Class Representative.  The Court hereby

recommends that the Settlement Agreement be preliminarily approved, including all the terms and conditions set forth therein and the Gross Settlement Amount and allocation of payments.

9.     The rights of any potential dissenters to the proposed Settlement are adequately protected in that they may exclude themselves from the Settlement and proceed with any alleged claims they may have against Defendant, or they may object to the Settlement and appear before this Court.  However, to do so they must follow the procedures outlined in the Settlement Agreement and Class Notice.

10.     The Court finds that the notice of settlement that Plaintiff provided to the LWDA satisfies the notice requirements of the California Private Attorneys General Act.

11.     The Court recommends approving as to form and content the proposed Class Notice ("Notice") to be distributed to Class Members.

12.     For purposes of settlement only, the Court recommends appointing ILYM Group, LLC be as the Settlement Administrator.  The Court also recommends that the mailing, by First-Class U.S. mail, of the Notices to Class Members be directed in accordance with the schedule set forth below and the other procedures described in the Settlement Agreement.  The Court finds that the method selected for communicating the preliminary approval of the Settlement Agreement to Class Members is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled to notice, and thereby satisfies due process.

13.     For purposes of settlement only, the Court finds that Felix Perez is a suitable class representative and recommends that he be appointed as the representative for the settlement class conditionally certified by the order adopting these findings and recommendations.

14.     For purposes of settlement only, the Court recommends appointing Bradley/Grombacher, LLP as Class Counsel.  The Court finds that counsel have demonstrable experience litigating, certifying, and settling class actions, and will serve as adequate counsel for the class conditionally certified and approved by the order adopting these findings and recommendations.

15.     The Court recommends that the following dates govern for purposes of this Settlement:

| Date | Event |
|------|-------|
| 20 calendar days after the Court adopts the findings and recommendations granting preliminary approval of the Settlement Agreement | Last day for Defendant to produce the Settlement Employee Data to the Settlement Administrator. |
| 30 calendar days after the Court adopts the findings and recommendations granting preliminary approval of the Settlement Agreement | Last day for the Settlement Administrator to mail Notices to all Class Members. |
| 45 calendar days after the Settlement Administrator mails the Notices | Last day for Class Members to submit Requests for Exclusion or Objections to the Settlement. |
| **January 29, 2021** | Last day for Plaintiff to file the Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments. |
| **February 26, 2021, at 9:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe** | Hearing on Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments. |

As of the date this Order, all dates and deadlines associated with the Actions shall be stayed, other than those pertaining to the administration of the Settlement of the Action.

16.     The Court expressly reserves the right to continue or adjourn the final approval hearing without further notice to the Class Members.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __September 1, 2020__          ___/s/ Barbara A. McAuliffe___
                                            UNITED STATES MAGISTRATE JUDGE