UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX PEREZ, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CVS HEALTH CORPORATION, et al.,<br><br>　　　　Defendants. | No. 1:19-cv-00449-DAD-BAM<br><br>ORDER REQUIRING SUPPLEMENTAL BRIEFING |

This matter is before the court on the assigned magistrate judge's findings and recommendations recommending that the unopposed renewed motion for preliminary approval of a class action settlement filed on behalf of plaintiff Felix Perez be granted.[1] (Doc. Nos. 57, 66.)

In conducting its *de novo* review of the pending motion pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned has identified some potential deficiencies with the parties'

---

[1] Pursuant to the undersigned's original standing order in light of the ongoing judicial emergency in this district, motions for preliminary or final approval of collective or class action settlements were considered in the first instance by the assigned magistrate judge, who thereafter issued findings and recommendations for the undersigned's review. (Doc. No. 18 at 3.) The undersigned has recently issued an amended standing order in light of the ongoing judicial emergency in this district, which is available on the undersigned's webpage on the court's website.

1

proposed class notice.  Accordingly, as detailed below, the undersigned will order the parties to provide supplemental briefing addressing the court's concerns and provide clarification.

1. In the pending motion, plaintiff asserts that he would seek an award of settlement administration costs for his proposed settlement administrator, ILYM Group, Inc. ("ILYM"), and that those "costs are reasonable" because "ILYM will mail notice packets to the class, <u>maintain a website which has information about the Settlement and links to the settlement documents</u>, and keep track of objections and requests for exclusion from the Settlement."  (Doc. No. 57 at 15) (emphasis added).  However, the proposed class notice (Doc. No. 58-2) does not mention a website or provide a URL or website address.  In addition, Sean Hartranft, the Senior Vice President of Sales for IYLM, has provided a declaration outlining the duties ILYM will perform if appointed by the court to serve as the settlement administrator—maintenance of a website is not among those listed duties.  (Doc. No. 57-2.)  Accordingly, the parties are directed to clarify whether there will be a website in connection with the administration of this settlement and, if not, whether the proposed costs for the settlement administrator are still reasonable.

2. Relatedly, if there will be a website, then the parties are directed to file a revised version of the class notice that includes the website information, and the fact that the settlement agreement can be viewed on that website.

3. If there will not be a website by which class members can view the settlement agreement, then the court has concerns about the adequacy of the class notice in providing class members a meaningful opportunity to object or decide to opt out, particularly given that:  (i) the notice does not provide any specifics regarding the *amounts* that plaintiff will seek for awards of attorneys' fees, litigation costs, the service enhancement, and settlement administration costs; (ii) the notice does not provide any information about how class members can view a copy of the full settlement agreement to otherwise inform themselves of those amounts; and (iii) the notice does not provide any estimate or approximate range of what the average

individual payment might be for class members.  Accordingly, the parties are directed to clarify how the proposed class notice is adequate.  Alternatively, the parties may file a revised class notice that addresses the court's concerns.

4. In the pending motion, plaintiff states that plaintiff's counsel will seek an award of $616,666.67, which is one-third of the gross settlement amount of $1,850,000. (Doc. No. 57 at 14–15.)  While plaintiff states that his counsel will submit a motion for attorneys' fees to substantiate the requested fee award in connection with plaintiff's motion for final approval, plaintiff's pending motion for preliminary approval does not address the reasonableness of this fee request at all. Accordingly, plaintiff is directed to provide some information or argument regarding the reasonableness of their fee request so that the court can better assess whether the settlement agreement as a whole is potentially fair, reasonable, and adequate.

**ORDER**

The parties are directed to jointly file a brief responsive to the issues identified above within ten (10) days from the issuance of this order.

IT IS SO ORDERED.

Dated: __December 10, 2020__        _____
                                     UNITED STATES DISTRICT JUDGE

3