1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FELIX PEREZ, an individual, on his own        No.  1:19-cv-00449-DAD-BAM
     behalf and on behalf of all others similarly
12   situated,

13              Plaintiff,                          ORDER ADOPTING FINDINGS AND
                                                    RECOMMENDATIONS AND GRANTING
14        v.                                        PLAINTIFF'S MOTION FOR
                                                    PRELIMINARY APPROVAL OF CLASS
15   CVS HEALTH CORPORATION, et al.,                ACTION SETTLEMENT

16              Defendants.                         (Doc. Nos. 57, 66.)

17

18        This matter is before the court on the assigned magistrate judge's findings and

19   recommendations recommending that the unopposed renewed motion for preliminary approval of

20   a class action settlement filed on behalf of plaintiff Felix Perez be granted.  (Doc. Nos. 57, 66.)

21        In conducting its *de novo* review of the pending motion pursuant to 28 U.S.C.

22   § 636(b)(1)(C), the undersigned had identified some potential deficiencies with the parties'

23   proposed class notice and therefore, on December 10, 2020, the court ordered the parties to

24   provide supplemental briefing to address its concerns and provide clarification.  (Doc. No. 68.)

25   On December 21, 2020, plaintiff filed a second supplemental brief in support of his renewed

26   motion for preliminary approval of the parties' class action settlement.  (Doc. No. 69.)

27        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

28   *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's second

                                            1

1    supplemental briefing and exhibits, the court now finds the pending findings and

2    recommendations to be supported by the record and proper analysis.  Thus, the court will adopt

3    the pending findings and recommendations, with the exceptions noted below.

4           **A.      Notice**

5           The parties' proposed class notice was attached as an exhibit to the parties' settlement

6    agreement and filed with the court on July 2, 2020 in connection with plaintiff's pending renewed

7    motion.  (Doc. No. 58-2.)  Although the magistrate judge recommended approval as to the form

8    and content of the proposed class notice (*see* Doc. No. 66 at 4), the undersigned had concerns

9    regarding the adequacy of that notice in providing class members a meaningful opportunity to

10   object or decide to opt out of the settlement (*see* Doc. No. 68 at 2–3).  In response to the court's

11   concerns, plaintiff clarified in his second supplemental briefing that the settlement administrator

12   will maintain a website with links to the settlement documents and that the class notice has been

13   revised to include the website address.  (Doc. No. 69 at 2–3.)  In addition, the parties agreed to

14   include a stand-alone "Payment Information Sheet" in the Notice packet, to provide each class

15   member "additional information regarding their estimated payment, their eligible compensable

16   work weeks, calculation information and dispute instructions."  (*Id.* at 3.)  The undersigned has

17   reviewed the revised "Notice of Class Action and PAGA Settlement" and the "Settlement

18   Payment Information Sheet" (collectively, "the Notice Packet") that plaintiff has filed with his

19   second supplemental briefing (Doc. No. 69-1) and concludes that the Notice Packet is adequate.

20   Thus, the court approves the Notice Packet in accordance with Federal Rule of Civil Procedure

21   23.

22          **B.      Attorneys' Fees**

23          In the pending findings and recommendations, the magistrate judge found that the gross

24   settlement amount of $1,850,000 for a class of approximately 3,405 members "appears to be

25   within the range of reasonableness of a settlement that could ultimately be given final approval."

26   (Doc. No. 66 at 3.)  The findings and recommendations noted that the gross settlement amount

27   includes all attorneys' fees, litigation costs, claims administration fees, and incentive payment to

28   the class representative.  (*Id.*)  Although the magistrate judge recommended that "the Settlement

1    Agreement be preliminarily approved, including all the terms and conditions set forth therein and

2    the Gross Settlement Amount and allocation of payments" (id. at 3–4), the pending findings and

3    recommendations do not specifically address the reasonableness of plaintiff's requested

4    attorneys' fee award of $616,666.67 (one-third of the gross settlement amount).  In addition,

5    plaintiff's pending renewed motion for preliminary approval does not address the reasonableness

6    of this fee request either.

7        In its order requiring supplemental briefing, the court expressed its concern regarding the

8    reasonableness of this fee request and directed plaintiff "to provide some information or argument

9    regarding the reasonableness of their fee request so that the court can better assess whether the

10   settlement agreement as a whole is potentially fair, reasonable, and adequate." (Doc. No. 68 at

11   3.)  In the second supplemental briefing, plaintiff contends that although his requested amount of

12   one-third of the common fund is above the Ninth Circuit's benchmark of 25%, the contingent

13   nature of this case justifies an upward adjustment and "the percentage sought is in line with

14   similar litigation." (Doc. No. 69 at 4–5.)  Plaintiff also points to his lodestar calculation and

15   contends that applying a 2.9 multiplier to his counsel's lodestar of $210,645.00 shows that a

16   lodestar crosscheck supports an award in the requested amount of $616,666.67.  (*Id.* at 6–7.)  The

17   court finds that this additional argument is sufficient to support a finding that the overall

18   settlement is potentially fair, reasonable, and adequate, at this preliminary stage of approval only.

19       However, the court is not fully persuaded that the amount of fees requested is reasonable

20   in this case, particularly in light of counsel's repeated failure to provide the court with sufficient

21   and accurate information throughout this litigation, necessitating the issuance of an order to show

22   cause and orders for supplemental briefing to clarify inconsistencies.  (*See* Doc. Nos. 52, 61, 68.)

23   Indeed, in the order denying plaintiff's first attempt in seeking preliminary approval of this

24   settlement (Doc. No. 41), the court noted that the parties' filings in this action have been

25   conclusory, confusing, and contradictory.  (Doc. No. 52 at 1.)  The court expects that in any

26   motion for attorneys' fees that plaintiff submits in connection with his request for final approval

27   of this settlement, plaintiff's counsel will address the reasonableness of a fee award of 33.33% of

28   the common fund in *this* case specifically—not just in similar contingency-based, wage-and-hour

3

class action settlements.  For example, in his second supplemental briefing, plaintiff asserts that

his counsel has "expended more than 280 hours in the litigation of this action."  (Doc. No. 69 at

6.)  The court expects that plaintiff will provide the requisite detailed billing records to

substantiate this assertion and to address the court's concern that a significant number of those

hours may only have been necessary because of counsel's repeated failures and inattention in its

court filings, as discussed above, and thus may not be reasonable.

> **C.**    **Implementation Schedule**

The court adopts the implementation schedule as recommended in the findings and

recommendations, as set forth below:

| Event | Date |
|---|---|
| Deadline for defendant to provide the Settlement Employee Data to the Settlement Administrator | No later than twenty (20) calendar days after entry of this order adopting the findings and recommendations and granting preliminary approval of this settlement ("Preliminary Approval Order") |
| Deadline for the Settlement Administrator to send the Notice Packet to each Class Member | No later than thirty (30) calendar days after entry of the Preliminary Approval Order |
| Deadline for Class Members to submit any Objections, Exclusion Requests, or Workweek Disputes | No later than forty-five (45) calendar days after the Settlement Administrator mails the Notice Packet |
| Last day for Plaintiff to file the Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments | May 10, 2021 |
| Final Approval Hearing | June 7, 2021 |

/////

/////

/////

/////

4

Accordingly,

1.     The findings and recommendations issued on September 1, 2020 (Doc. No. 66) are adopted;

2.     Plaintiff's renewed motion for preliminary approval of the parties' class action and PAGA action settlement (Doc. No. 57) is granted;

3.     The Notice Packet is approved in accordance with Federal Rule of Civil Procedure 23;

4.     The hearing for final approval of the proposed settlement is set for June 7, 2021 at 1:30 p.m. before the undersigned in Courtroom 5, with the motion for final approval of class action settlement to be filed no later than May 10, 2021, in accordance with Local Rule 230(b); and

5.     The parties are directed to implement the settlement in accordance with the schedule set forth above.

IT IS SO ORDERED.

Dated:   **December 22, 2020**                         

UNITED STATES DISTRICT JUDGE